**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2014-NMCA-079

Filing Date: May 28, 2014

Docket No. 32,625

MELISSA GALETTI,

       Plaintiff-Appellant,

v.

DERRAL W. REEVE, KIM GILLEN,
BRENDA CONYNE, and TEXICO
CONFERENCE ASSOCIATION OF
SEVENTH-DAY ADVENTISTS,

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Maestas & Suggett, P.C.
Wayne R. Suggett
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Jocelyn Drennan
Albuquerque, NM

for Appellees

**OPINION**

**GARCIA, Judge.**

**{1}** Melissa Galetti (Plaintiff) appeals from the district court's grant of Defendants' motion to dismiss for failure to state a claim pursuant to Rule 1-012(B)(6) NMRA. The district court dismissed Plaintiff's complaint against the Texico Conference Association of

Seventh-Day Adventists (the Conference), Derral W. Reeve, Kim Gillen, and Brenda Conyne because it concluded that Defendants are immune from suit pursuant to the church autonomy doctrine, which is based on the First Amendment. *See Celnik v. Congregation B'Nai Israel*, 2006-NMCA-039, ¶¶ 10-11, 139 N.M. 252, 131 P.3d 102. We conclude that the district court erred in dismissing Plaintiff's complaint. The First Amendment does not immunize every legal claim against a religious institution or its members, but only those claims that are rooted in religious belief. *See id.*; *see also Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 657 (10th Cir. 2002). As pled, Plaintiff's claims are not rooted in religious belief and thus do not implicate the First Amendment as a matter of law. We reverse the dismissal of Plaintiff's complaint and remand for further proceedings.

**BACKGROUND**

**{2}** For purposes of this appeal, "we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 18, 283 P.3d 871 (internal quotation marks and citation omitted), *cert. denied*, 2012-NMCERT-006, 294 P.3d 1243.

**{3}** Plaintiff alleges that she was employed as a principal and a teacher at Crestview Elementary School (Crestview) located in Albuquerque, New Mexico, from 2009 to 2011. Crestview is a religious school operated by the Conference, which is part of the Southwestern Union and North American Division of the Seventh-Day Adventist Church. Plaintiff alleges that she was harassed by her supervisor, Reeve, in the summer of 2010.[1] Plaintiff submitted a complaint to the Conference, which issued a written reprimand to Reeve. Plaintiff alleges that Reeve, Gillen, and Conyne retaliated against her, which ultimately led to the termination of her employment.

**{4}** Plaintiff alleges that she was told she would be employed as a teacher at Crestview for the 2011-12 school year and was not notified of a change prior to the May 1, 2011, deadline. She filed a formal charge of discrimination with the Equal Employment Opportunity Commission on May 17, 2011. Reeve raised the issue of Plaintiff's employment at a board meeting on May 23, 2012. At the meeting, which Plaintiff did not attend, the Board voted to terminate Plaintiff's employment "without reason or cause."

**{5}** Plaintiff filed a complaint for wrongful termination asserting the following claims for relief: (1) breach of contract against the Conference; (2) retaliatory discharge and violation of the New Mexico Human Rights Act against Reeve; (3) intentional interference with contract and civil conspiracy against Reeve, Gillen, and Conyne; and (4) defamation

---

[1]Plaintiff alleges in her complaint that she was harassed "during the summer of 2011" but it is clear from the timeline of events and other documents in the record that the alleged harassment took place in 2010, not 2011.

and civil conspiracy against Reeve, Gillen, and Conyne.[2] Plaintiff sought compensatory and punitive damages, interest, attorney fees, and costs.

**{6}** Defendants filed a motion to dismiss pursuant to Rule 1-012(B)(6), arguing that all of Plaintiff's claims are barred by First Amendment considerations embodied in the church autonomy doctrine. In support of their motion, Defendants submitted portions of the Texico Conference Employee Handbook and the Southwestern Union Conference Education Code K-12. Defendants also filed a motion for a protective order, arguing that they should not have to respond to Plaintiff's discovery requests. Plaintiff fully responded to these motions.

**{7}** Following a hearing, the district court issued a brief order granting Defendants' motion to dismiss and dismissing Plaintiff's complaint with prejudice. The district court stated that it found Defendants' motion to be "well taken" but did not otherwise explain the basis for its decision. The district court noted that its decision mooted Defendants' motion for a protective order.

**DISCUSSION**

**{8}** Plaintiff contends the district court erred in granting Defendants' motion to dismiss because the church autonomy doctrine does not prohibit breach of contract claims and does not apply to individuals sued in their individual capacity. Plaintiff also contends the district court erred in failing to convert Defendants' motion to dismiss into a motion for summary judgment. Because we conclude that the district court erred in dismissing Plaintiff's complaint, we do not consider this second issue.

**{9}** We review the district court's grant of a motion to dismiss for failure to state a claim under Rule 1-012(B)(6) de novo. *See Madrid*, 2012-NMCA-071, ¶ 12. "Dismissal under Rule 1-012(B)(6) is appropriate only if the non-moving party is not entitled to recover under any theory of the facts alleged in their complaint." *Madrid*, 2012-NMCA-071, ¶ 18 (internal quotation marks and citation omitted). "The purpose of our rule is to test the law of the claim, not the facts that support it." *Id.* (internal quotation marks and citation omitted).

**A.      Church Autonomy Doctrine**

**{10}** The church autonomy doctrine "prohibits civil court review of internal church disputes involving matters of faith, doctrine, church governance, and polity." *Bryce*, 289 F.3d at 655. The doctrine is based on the First Amendment, which states in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. I. The church autonomy doctrine protects both interests embodied in the First Amendment. *See Celnik*, 2006-NMCA-039, ¶ 11. "First, it

---

[2]Plaintiff also asserted a claim for intentional and negligent misrepresentation against the Conference, but she voluntarily dismissed that claim.

prevents civil legal entanglement between government and religious establishments by prohibiting courts from trying to resolve disputes related to ecclesiastical operations." *Id.* Second, it protects the free exercise of religion "by limiting the possibility of civil interference in the workings of religious institutions[.]" *Id.*

**{11}**　In *Celnik*, we recognized that the immunity afforded by the church autonomy doctrine "is not absolute[.]" *Id.* ¶ 20. As the Tenth Circuit Court of Appeals explained in *Bryce*, the church autonomy doctrine "does not apply to purely secular decisions, even when made by churches." 289 F.3d at 657. Before a court concludes that the church autonomy doctrine is implicated, it must engage in the "threshold inquiry" of determining "whether the alleged misconduct is rooted in religious beliefs." *Id.* (internal quotation marks and citation omitted); *see also Bell v. Presbyterian Church (U.S.A.)*, 126 F.3d 328, 331 (4th Cir. 1997) (describing threshold inquiry as determining whether the dispute is ecclesiastical or purely secular).

**{12}**　Here, it does not appear that the district court considered whether Plaintiff's claims are rooted in religious belief; instead, it appears that the district court simply concluded that Defendants are immune from suit as a matter of law. We do not believe that the church autonomy doctrine is so easily triggered. Whether it applies to any particular claim depends upon the specific nature of the claim and the remedy sought. We agree with the following:

> Before barring a specific cause of action, a court first must analyze each element of every claim and determine whether adjudication would require the court to choose between competing religious visions, or cause interference with a church's administrative prerogatives. . . . The court must next examine the remedies sought by the plaintiff and decide whether enforcement of a judgment would require excessive procedural or substantive interference with church operations.
>
> If the answer to either of those inquiries is in the affirmative, then the dispute is truly of a religious nature . . . and the claim is barred from secular court review. If, however, the dispute can be resolved by the application of purely neutral principles of law and without impermissible government intrusion . . . there is no First Amendment shield to litigation.

*McKelvey v. Pierce*, 800 A.2d 840, 856-57 (N.J. 2002) (emphasis, internal quotation marks, and citations omitted).

**B.　Plaintiff's Breach of Contract Claim**

**{13}**　We first consider whether the district court erred in concluding that the church autonomy doctrine precludes consideration of Plaintiff's breach of contract claim against the Conference. Plaintiff contends the district court erred in dismissing this claim because it is secular in nature and can be resolved without implicating the First Amendment. Defendants

contend this claim was properly dismissed because any question regarding Plaintiff's termination is a religious question in light of Plaintiff's ministerial position.[3] We agree with Plaintiff.

**{14}**     In her complaint, Plaintiff alleges that the Conference made express and implied promises to her concerning her employment, which she reasonably relied upon in accepting employment. She alleges that the Conference breached its promises to her, among them "the failure to timely notify [Plaintiff] of non-renewal and [the] failure to timely terminate her 2011-12 teaching contract year with just cause." As pled, it appears that Plaintiff can succeed on her breach of contract claim without any religious intrusion. The district court does not need to determine whether the Conference had cause to terminate Plaintiff's employment, but only whether the Conference complied with its contractual obligation with respect to the timeliness of the notice it provided to Plaintiff.[4]

**{15}**     In terms of remedy, Plaintiff does not seek reinstatement of her teaching position, but seeks only monetary damages. Defendants do not contend that entering a money judgment against the Conference would require excessive interference with church operations. Thus, under the framework set forth in *McKelvey*, Plaintiff's breach of contract claim does not appear to be religious in nature and thus does not implicate First Amendment concerns as a matter of law.

---

[3]We assume for purposes of this appeal that Plaintiff's position was a ministerial one, even though she was not the head of the congregation. *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 132 S. Ct. 694, 697, 707 (2012) (agreeing with the lower courts that "[t]he ministerial exception is not limited to the head of a religious congregation"). We note, however, that the question of whether a particular individual's position should be considered ministerial is a question of fact, not of law, and thus should generally be decided in the context of a motion for summary judgment rather than a motion to dismiss. *See id.* at 700, 707-09 (refusing "to adopt a rigid formula for deciding when an employee qualifies as a minister" and concluding based on various factors that a "called teacher" was a minister for purposes of the ministerial exception).

[4]We note that the record contains a letter from the Conference to Plaintiff, dated June 1, 2011, stating that the Board voted "not to retain [Plaintiff] as a teacher." This letter appears to invoke the non-renewal provision set forth in the Southwestern Union Conference Education Code K-12, which states that "[t]he employing organization shall give written notice to the regular employee by May 1 [of] its intention not to renew the annual assignment agreement." Defendants argue in their answer brief that Plaintiff's breach of contract claim cannot be examined without religious entanglement because the district court must determine whether Plaintiff's termination was for cause. This might be an appropriate argument for a motion for summary judgment, but not for a motion to dismiss. Looking at Plaintiff's complaint, it appears that she can succeed on her breach of contract claim without having to establish that she was terminated without cause.

**{16}** Because Plaintiff's breach of contract claim can potentially be resolved without any religious entanglement, we conclude that the district court erred in dismissing it. *See, e.g.*, *Kirby v. Lexington Theological Seminary*, __ S.W.3d __, 2014 WL 1512223, at *11 (Ky. 2014) (concluding that ministerial employee's breach of contract claims survived motion for summary judgment because "(1) the enforcement of the contractual arrangement . . . does not arouse concerns of government interference in the selection of ministers, and (2) the contract does not involve any matters of ecclesiastical concern"); *Second Episcopal Dist. African Methodist Episcopal Church v. Prioleau*, 49 A.3d 812, 817-18 (D.C. 2012) (affirming the district court's denial of the church's motion to dismiss breach of contract claim and noting that plaintiff "does not claim she was wrongfully terminated or otherwise tether her contract claim to matters of church doctrine or governance" but "claims only that the church failed to pay her salary after acknowledging its obligation to do so"). If, at some later stage in the proceedings, it becomes apparent that Plaintiff's breach of contract claim in fact turns on matters of doctrinal interpretation or church governance, then summary judgment in favor of the Conference may be proper. *See id.*

## C.      Plaintiff's Claims Against Individual Defendants

**{17}** We next consider whether the district court erred in concluding that the church autonomy doctrine precludes consideration of Plaintiff's claims against Reeve, Gillen, and Conyne for retaliatory discharge and violation of the New Mexico Human Rights Act, intentional interference with contract and civil conspiracy, and defamation and civil conspiracy. Plaintiff contends the district court erred in dismissing these claims because the church autonomy doctrine does not bar claims against individuals acting in their individual capacities and because these claims do not concern religious matters. Defendants contend these claims were properly dismissed because they arise out of Plaintiff's termination as a teacher and thus cannot be pursued in a judicial forum. We conclude that the district court erred in dismissing these claims because, as pled, they do not necessarily involve religious matters.

**{18}** In her complaint, Plaintiff alleges that Reeve "engaged in false statements and retaliatory conduct" against Plaintiff and "orchestrat[ed] and conspir[ed]" with Gillen, and Conyne to get Plaintiff fired. Plaintiff alleges that Reeve, Gillen, and Conyne "improperly used their position and relationships with [the Conference] . . . to cause [the Conference] to wrongfully terminate [Plaintiff's] employment." And Plaintiff alleges that Reeve, Gillen, and Conyne made defamatory statements to third parties concerning Plaintiff's work and family.

**{19}** Defendants contend these claims were properly dismissed because they all "arise from a single factual nucleus: the termination of [Plaintiff's] employment as a teacher at Crestview, a ministerial position." As we have already discussed, the immunity afforded by the church autonomy doctrine is not triggered simply by the subject matter of the complaint. Instead, the church autonomy doctrine applies only if judicial resolution of the claims would violate the First Amendment. This is a fact-specific and claim-specific inquiry, an inquiry

6

that the district court did not engage in here.

**{20}** We are not persuaded that the resolution of Plaintiff's claims against Reeve, Gillen, and Conyne, as pled, will necessarily result in religious entanglement. We thus conclude that the district court erred in dismissing them as a matter of law. *See, e.g.*, *Bilbrey v. Myers*, 91 So. 3d 887, 891-92 (Fla. Dist. Ct. App. 2012) (holding that the district court erred in dismissing the plaintiff's claim for defamation against the pastor under the church autonomy doctrine because the claim can be adjudicated without implicating the First Amendment); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 959 (9th Cir. 2004) (holding that the district court erred in dismissing the plaintiff's claims for sexual harassment and retaliation because the claims might be purely secular).

**{21}** If it appears at a later stage of this case that Plaintiff's claims against Reeve, Gillen, and Conyne cannot be resolved without religious entanglement, then those claims may properly be dismissed. *See, e.g.*, *Jennison v. Prasifka*, 391 S.W.3d 660, 668 (Tex. Crim. App. 2013) (concluding that the plaintiff's claims for slander, tortious interference with a contractual relationship, and wrongful discharge "are inextricably intertwined with the church's investigation of his performance as a priest and the discipline imposed" and thus subject to dismissal).

**CONCLUSION**

**{22}** For the reasons stated above, we reverse the district court's order granting Defendants' motion to dismiss and remand for further proceedings.

**{23}** **IT IS SO ORDERED.**

 

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Chief Judge**

**MICHAEL D. BUSTAMANTE, Judge**

7