This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GILBERT PAUL R. B. DIAZ and
JULIA T. DIAZ, Jointly,**

    Plaintiffs-Appellants,

v.                            **No. 34,900**

**LA BUENA VIDA CONDOMINIUMS
UNIT OWNERS ASSOCIATION,
RUSSELL HENDERSON, FRAN TORRES,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Jeff McElroy, District Judge**

Gilbert Paul B.R. Diaz
Julia T. Diaz
Albuquerque, NM

Pro Se Appellants

Madison, Mroz, Steinman & Dekleva, P.A.
Gregory D. Steinman
Holly E. Armstrong
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    Plaintiffs appealed from the district court's dismissal of their amended complaint. We issued a fourth notice of proposed summary disposition proposing to affirm in part and reverse in part. Plaintiffs and Defendants have responded with memoranda in opposition, which we have duly considered. We remain unpersuaded that our proposed disposition was incorrect. We therefore affirm in part and reverse in part.

{2}    Plaintiffs argued on appeal that the district court erred in dismissing their amended complaint under Rule 1-012(B)(6) NMRA, because they alleged sufficient facts to support claims for: (1) violations of the New Mexico Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, Sections 47-8-1 to -52 (1975, as amended through 2007); (2) intentional infliction of emotional distress; and (3) civil conspiracy. [RP 46-49] "We review the district court's grant of a motion to dismiss for failure to state a claim under Rule 1-012(B)(6) de novo." *Galetti v. Reeve*, 2014-NMCA-079, ¶ 9, 331 P.3d 997. "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted).

2

**{3}** We first affirm the district court's dismissal of Plaintiffs' claims for intentional infliction of emotional distress. As we stated in a prior notice, Plaintiffs' amended complaint failed to allege extreme and outrageous conduct on the part of Defendants. *See Padwa v. Hadley*, 1999-NMCA-067, ¶ 9, 127 N.M. 416, 981 P.2d 1234 ("Initially, the court determines as a matter of law whether conduct reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress."). Defendants' alleged act of sending texts and letters asking Plaintiffs to move their car and then threatening that it would be towed when Plaintiffs did not respond is not the type of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo v. N. Rio Arriba Elec. Co-op.*, 2002-NMSC-004, ¶ 25, 131 N.M. 607, 41 P.3d 333 (internal quotation marks and citations omitted); *see Baldonado v. El Paso Nat. Gas Co.*, 2008-NMSC-005, ¶¶ 35, 36, 143 N.M. 288, 176 P.3d 277 (holding that the defendant gas company's failure to properly design and maintain gas pipelines resulting in a gas explosion and fireball that killed twelve people despite earlier failures resulting in two explosions could be extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress). The claim therefore fails as a matter of law. *See Stieber v. Journal Publ. Co.*, 1995-NMCA-068, ¶ 15, 120 N.M. 270, 901

3

P.2d 201 (holding that dismissal of the plaintiff's claim for intentional infliction of emotional distress was proper where the defendant's conduct did not reach the required level as a matter of law).

{4} We also affirm the district court's dismissal of Plaintiffs' claim for a violation of Section 47-8-20(A)(2), which requires owners to "make repairs and do whatever is necessary to put and keep the premises in a safe condition as provided by applicable law and rules and regulations as provided in Section 47-8-23." Plaintiffs' amended complaint made no allegation that the premises were in an unsafe condition. Plaintiffs also failed to state a claim for a violation of Section 47-8-20(A)(1), which requires owners to "substantially comply with requirements of the applicable minimum housing codes materially affecting health and safety[,]" because the amended complaint fails to allege a violation of any housing code. *See Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 15, 283 P.3d 871 (stating that a complaint must contain sufficient allegations to give the defendant fair notice of the claims asserted so that the defendant can adequately respond).

{5} However, we continue to believe that Plaintiffs' amended complaint was sufficient to state a claim under Section 47-8-27(A)(4), which requires owners to "maintain in good and safe working order and condition electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appliances, including

4

elevators, if any, supplied or required to be supplied by him." The amended complaint generally alleges that Plaintiffs informed Defendants that the thermostats in the apartment were not working in September or October on several occasions. Defendants responded that they would get around to fixing them but did not. Plaintiffs allege that Defendants instead supplied them with a space heater for the winter months and had not repaired the thermostats as of the date of the filing of the complaint. [RP 50] We believe that these allegations are sufficient to state a claim under Section 47-8-27(A)(4) under our notice pleading standard. *See T.W.I.W. Inc. v. Rhudy*, 1981-NMSC-062, ¶ 9, 96 N.M. 354, 630 P.2d 753 (stating that under UORRA, landlords are generally required to supply heat to tenants); *Madrid*, 2012-NMCA-071, ¶ 17, 283 P.3d 871 (stating that New Mexico is a notice-pleading state and this standard is met where the plaintiff alleges sufficient facts to put the defendant on notice of the claim).

**{6}** Defendants do not respond specifically to this Court's proposed disposition of this issue, but rather argue generally that Plaintiffs' amended complaint did not meet the requirements of Rule 1-008 NMRA because it contained a long narrative paragraph, cited to irrelevant case law, and was generally difficult to understand. [Defendants' MIO 5-9] However, despite the deficiencies in the pleading, we believe that the allegations in the complaint that Defendants did not fix the heat in the

5

apartment for the winter after being notified on several occasions that it was not working were sufficient to put Defendants on notice of Plaintiffs' claim under Section 47-8-20(A)(4).

{7}   As we have determined that Plaintiffs alleged sufficient facts to state a claim for a violation of Section 47-8-20(A)(4), we must consider whether the amended complaint was sufficient to state a claim for civil conspiracy. In order to state a claim for civil conspiracy, a plaintiff must allege that "(1) . . . a conspiracy between two or more individuals existed; (2) . . . specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) . . . the plaintiff was damaged as a result of such acts." *See Madrid*, 2001-NMCA-003, ¶ 12. The amended complaint generally alleges that Defendants worked in collusion to cause harm to Plaintiffs by violating provisions of UORRA, and that Plaintiffs were damaged as a result. [RP 52] *See Ettenson v. Burke*, 2001-NMCA-003, ¶ 23, 130 N.M. 67, 17 P.3d 440 (holding that a civil conspiracy claim requires an underlying claim independent of the conspiracy cause of action). We believe that these allegations are sufficient under our notice pleading standard. *See Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 21, 314 P.3d 681 (stating that under our notice pleading standard a plaintiff is only required to state general allegations of conduct in a complaint as

6

long as those allegations are detailed enough to give the parties and the court a fair idea of the plaintiff's complaint and the relief requested).

{8}     For these reasons, and the reasons set forth in the prior notice of proposed summary disposition, we reverse in part and affirm in part the district court's dismissal of Plaintiffs' amended complaint under Rule 1-012(B)(6). We therefore remand this case to the district court for further proceedings consistent with this opinion.

{9}     **IT IS SO ORDERED**.

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

7