**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: August 29, 2013

Docket No. 28,897

MARVIN L. RIST AND LEE RIST,

     Plaintiffs-Appellants,

v.

THE DESIGN CENTER AT FLOOR
CONCEPTS,

     Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY
Jerald A. Valentine, District Judge

Scherr & Legate, LLC
Connie Quintero
El Paso, Texas

for Appellants

Holt, Babington, Mynatt, P.C.
Matthew P. Holt
Las Cruces, NM

for Appellee

## OPINION

**ZAMORA, Judge.**

{1}    Marvin and Lee Rist (Plaintiffs) were dismissed from their jobs at The Design Center at Floor Concepts (Defendant) in Las Cruces, New Mexico. Plaintiffs alleged that they were punished for not participating in religious activities at the invitation of Defendant's owners. Plaintiffs filed suit under the New Mexico Human Rights Act (NMHRA), NMSA 1978, §§ 28-1-1 to -15 (1969, as amended through 2007), alleging discrimination. After Plaintiffs' presentation of their case, the district court granted

dispositive defense motions for directed verdict. We affirm.

## BACKGROUND

**{2}** Defendant hired Plaintiffs in the fall of 2006. Lee Rist, the son, was first hired as a polisher of granite but was quickly trained for and promoted to the position of templater. Marvin Rist, the father, was hired to manage the operations. Defendant's two owners are members of the Jehovah's Witness faith, as were some of its employees, and Plaintiffs, who are of a different faith, allege that they were the targets of proselytizing efforts by the owners and other employees. Following several such overtures, Plaintiffs were invited to attend a religious service around Easter in April 2007. After Marvin told the owners to stop urging Lee to attend religious events, both Plaintiffs say they were ostracized by the owners and fellow workers. Subsequently, Lee was required to work as a templater and a polisher, and Marvin alleges that he was stymied in his efforts to do his job by uncooperative salespeople. In June 2007, two months after the last incident involving a dispute over religion, Plaintiffs were fired along with one other employee in what Defendant said was a reduction in the work force as a result of a decrease in business. Defendant also claims that Plaintiffs were ineffective in their jobs.

**{3}** Plaintiffs filed complaints with the federal Equal Employment Opportunity Commission (the EEOC). Both ignored requests for information from the EEOC. Eventually, the EEOC issued right-to-sue letters to Plaintiffs. The complaints with the EEOC were cross-filed with the New Mexico Human Rights Division (the Division). Plaintiffs did not receive a letter of nondetermination from the Division.

**{4}** After receiving their right-to-sue letters from the EEOC, Plaintiffs filed this action, alleging "wrongful termination" and unlawfully discriminatory practice under the NMHRA, Section 28-1-7(A). After Plaintiffs presented their case, Defendant moved for directed verdicts. The district court granted the motions for: (1) lack of subject matter jurisdiction resulting from Plaintiffs' failure to exhaust administrative remedies, (2) Plaintiffs' failure to allege a cause of action for the common law tort of retaliatory discharge, (3) Plaintiffs' request for punitive damages, and (4) Plaintiffs' claims against the two owners of the business individually. Plaintiffs appealed.

## DISCUSSION

**{5}** Plaintiffs raise six issues. They contend that the district court erred by: (1) directing a verdict against them because they failed to exhaust their administrative remedies, (2) concluding that the court lacked subject matter jurisdiction, (3) concluding that Plaintiffs failed to allege a claim for the tort of retaliatory discharge, (4) dismissing their claims for punitive damages, and (5) failing to consider the record as a whole when dismissing the complaint and directing a verdict for Defendant.

**{6}** The sixth issue has become moot. This last issue involved the district court's

dismissal of the complaint against the individual owners of Defendant because of Plaintiffs' failure to identify them as respondents in the underlying charge filed with the EEOC. After a discharge of all liabilities in the United States Bankruptcy Court and supplemental briefs filed by both parties addressing the effect, if any, the discharge had on Plaintiffs' appeal, this Court issued an order dismissing the individual owners with prejudice.

## I.    Standard of Review

{7}    A district court should not grant a motion for directed verdict unless it is clear that "the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result." *Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 11, 106 N.M. 726, 749 P.2d 1105. "A directed verdict is appropriate only when there are no true issues of fact to be presented to a jury. . . . The sufficiency of evidence presented to support a legal claim or defense is a question of law for the [district] court to decide." *Sunwest Bank of Clovis, N.A. v. Garrett*, 1992-NMSC-002, ¶ 9, 113 N.M. 112, 823 P.2d 912 (citations omitted). We review de novo the district court's decision on a motion for a directed verdict. *McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 36, 143 N.M. 740, 182 P.3d 121.

## II.    Exhaustion of Administrative Remedies

{8}    Plaintiffs contend that they each engaged in the administrative process by timely filing their complaints with the EEOC, which were cross-filed with the Division, per administrative procedure, thereby exhausting their administrative remedies. *Cf.* 9.1.1.8(F)(2) NMAC (10/1/01) (recognizing "a complaint filed with any duly authorized civil rights agency holding a work sharing agreement or memorandum of understanding with the [D]ivision shall be deemed to have filed with the [D]ivision as of the date [it] was filed with any of these agencies"). Complaints filed with the EEOC are deemed properly filed with the Division. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 18, 127 N.M. 282, 980 P.2d 65; *see* Sabella v. Manor Care, Inc., 1996-NMSC-014, ¶ 12, 121 N.M. 596, 915 P.2d 901 (noting that the EEOC is an agent of the Division for purposes of filing charges of discrimination pursuant to NMHRA). While filing a complaint with the EEOC puts the matter properly before the Division, meeting those filing requirements means only that a complainant may then proceed through the grievance process either under federal or state law. *Mitchell-Carr*, 1999-NMSC-025, ¶ 18. Plaintiffs in this case chose to proceed under state law.[1]

{9}    When electing to proceed with a complaint under state law, a person is bound by the NMHRA. It is the Division's grievance procedure that controls the resolution of a complaint. *Id.* ¶ 16. After a complaint has been filed, the director of the Division is required to advise

---

[1]Defendant raises the issue of whether Plaintiffs acted in good faith in cooperating with the investigation by the EEOC of the discrimination complaint. Because Plaintiffs decided to proceed with their complaint under state law, we decline to address.

the respondent of the complaint, promptly investigate the alleged act(s), and determine whether probable cause exists for the complaint. Section 28-1-10(B). If the director finds probable cause does not exist, the complaint is dismissed. *Id.* If it is found that probable cause exists, the director attempts to achieve a resolution of the complaint. Section 28-1-10(C).

**{10}** Compliance with the administrative process is a prerequisite to filing a claim in district court. A complainant "may request and shall receive an order of nondetermination from the director" and "[t]he order of nondetermination may be appealed." Section 28-1-10(D). A person can only appeal from an order of the Division. *See* §§ 28-1-10(D), -13(A). "An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may proceed to court." *Mitchell-Carr*, 1999-NMSC-025, ¶ 16; *see also Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238, 22 P.3d 1188 (holding that under the NMHRA, "a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party"). Plaintiffs have correctly acknowledged that EEOC right-to-sue letters are not orders from the Division within the meaning of Section 28-1-13(A). EEOC right-to-sue letters cannot be treated as orders of nondetermination from the Division. *Mitchell-Carr*, 1999-NMSC-025, ¶ 18. Because Plaintiffs' EEOC right-to-sue letters cannot be treated as orders of nondetermination from the Division, Plaintiffs have failed to exhaust their administrative remedies under the NMHRA.

**{11}** Plaintiffs alleged in their complaint that they "timely filed a charge of religion discrimination with the [EEOC] and satisfied all administrative requirements for filing this suit." Defendant asserted as one of its affirmative defenses that Plaintiffs were barred from bringing an action under the NMHRA because Plaintiffs failed to exhaust their administrative remedies. Defendant renewed that argument at the close of Plaintiffs' case. Defendant has correctly pointed out that there is no New Mexico case law addressing the issue of who has the burden of proof in this instance. But New Mexico case law has clearly established that the exhaustion of administrative remedies is a prerequisite to filing a case under the NMHRA. We therefore hold that Plaintiffs, who have alleged in their complaint that they have exhausted their administrative remedies, have the burden of proving such in order for their case to proceed at the district court level.

**{12}** Plaintiffs acknowledge that they failed to procure a notice of nondetermination from the Division, but they contend that this action should be dismissed without prejudice in order to give them time to obtain the proper notice from the Division. Plaintiffs further contend that the district court should have afforded them the opportunity to cure the administrative defect, and that failure of the court to do so late in the litigation process was unfair. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the

4

issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Plaintiffs did not specify where, in the record, they asked the district court to allow them time to cure their defect, and we were unable to locate the preservation of this issue in the record. If the district court did not have an opportunity to consider or rule on this issue, it is not properly before this Court. *Barron v. Evangelical Good Samaritan Soc'y*, 2011-NMCA-094, ¶ 48, 150 N.M. 669, 265 P.3d 720. Plaintiffs' request will not be considered.

### III.  Subject Matter Jurisdiction

**{13}**  Our Supreme Court has stated that failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Mitchell-Carr*, 1999-NMSC-025, ¶ 20. "Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with." *In re Application of Angel Fire Corp.*, 1981-NMSC-095, ¶ 5, 96 N.M. 651, 634 P.2d 202. When a plaintiff has failed to exhaust administrative remedies, thus depriving a district court of subject matter jurisdiction, dismissal of the complaint is appropriate. *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380, 872 P.2d 353; *Angel Fire*, 1981-NMSC-095, ¶ 5; *Jaramillo v. J. C. Penney Co.*, 1985-NMCA-002, ¶ 4, 102 N.M. 272, 694 P.2d 528.

**{14}**  "Typically, subject matter jurisdiction cannot be waived and can be raised at any time." *State ex rel. Children, Youth & Families Dep't v. Andree G.*, 2007-NMCA-156, ¶ 18, 143 N.M. 195, 174 P.3d 531. Furthermore, when subject matter jurisdiction is lacking, dismissing a claim with prejudice is appropriate. *See generally Schneider Nat'l, Inc. v. State Taxation & Revenue Dep't*, 2006-NMCA-128, ¶¶ 7-12, 140 N.M. 561, 144 P.3d 120 (holding it was proper to grant summary judgment where district court did not have subject matter jurisdiction when complaint was not filed within specific time frame).

**{15}**  We conclude that the district court was correct in determining that a failure to exhaust administrative remedies divested the district court of subject matter jurisdiction. It was proper for the court to grant Defendant's motion for directed verdict on this issue.

### IV.  Tort Claim for Retaliatory Discharge

**{16}**  Separate from the requirements of the NMHRA, exhaustion of remedies is not a prerequisite to a tort claim that is independent of a cause of action under the NMHRA. *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 9, 117 N.M. 441, 872 P.2d 859. We proceed with the issue of whether Plaintiffs brought a proper common law claim for retaliatory discharge.

**{17}**  The question before us is whether Plaintiffs set out such a claim of common law retaliatory discharge sufficient to provide notice of such a charge to Defendant. Plaintiffs contend that the district court erred in concluding that Plaintiffs' claim was brought only under the NMHRA and not under the common law tort of retaliatory discharge. Defendant

5

argued that an action for retaliatory discharge fails because neither Plaintiffs' complaint, pretrial statement, nor proposed pretrial order provided notice of such a claim, and that Plaintiffs failed to establish such a claim. Plaintiffs also argued to the district court that reading the complaint as a whole, and taking into consideration all of the actions by Defendant, would be sufficient to establish a claim for retaliatory discharge. Nonetheless, Defendant asserted, it was not given adequate notice of a claim of retaliatory discharge.

**{18}** Plaintiffs brought a claim for "wrongful termination based on religious discrimination." Specifically, they alleged that the "acts of [Defendant] constitute unlawful discrimination against [Plaintiffs] because of [their] religion in violation of the [NMHRA] and more particularly . . . [Section] 28-1-7[(A)]." Plaintiffs also requested punitive damages for the original individual Defendants' "malice" or "wanton and willful disregard" for Plaintiffs' rights, even though such damages are not allowed under the NMHRA.

**{19}** Plaintiffs alleged the following in their pretrial statement:

> This is a claim for unlawful discrimination on the basis of religion in violation of [the NMHRA] and more particularly . . . [Section] 28-1-7[(A)].
>
> . . . .
>
> Plaintiffs claim that . . . Defendant[] created a hostile work environment for Plaintiffs and retaliated against Plaintiffs by ultimately terminating Plaintiffs . . . in violation of [the NMHRA] and more particularly . . . [Section] 28-1-7[(A)].

**{20}** In its order of dismissal, the district court basically found that Plaintiffs' complaint did not allege a claim for retaliatory discharge but instead made a claim only for alleged violations of the NMHRA. The district court did not consider any evidence, nor did it address Plaintiffs' public policy argument.

**{21}** We acknowledge that our standard of notice pleading allows a plaintiff to state only general allegations of conduct in a complaint. *See Schmitz v. Smentowski*, 1990-NMSC-002, ¶ 9, 109 N.M. 386, 785 P.2d 726. However, such allegations must be "sufficiently detailed to give the parties and the court a fair idea of the plaintiff's complaint and the relief requested." *Valles v. Silverman*, 2004-NMCA-019, ¶ 18, 135 N.M. 91, 84 P.3d 1056. Further, a party's pleadings must "give fair notice of the claims and defenses so that the opposing party may prepare for trial." *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 11, 111 N.M. 6, 800 P.2d 1063; *see also Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 19, 133 N.M. 248, 62 P.3d 339 ("The theory of pleadings is to give the parties fair notice of the claims and defenses against them, and the grounds upon which they are based." (internal quotation marks and citation omitted)).

**{22}** While pleadings are to be liberally construed by New Mexico's courts, we will not

6

read into a complaint a cause of action that is not stated. *See Wells v. Arch Hurley Conservancy Dist.*, 1976-NMCA-082, ¶ 35, 89 N.M. 516, 554 P.2d 678 (Hernandez, J., specially concurring) (noting that "a court under the guise of liberal construction of a pleading cannot supply matters which it does not contain"). And once a plaintiff pleads specific claims, that plaintiff is held to those claims. *See In re Doe's Adoption*, 1975-NMCA-009, ¶ 10, 87 N.M. 253, 531 P.2d 1226 (noting that "once a pleader pleads specifically, he will be held to what has been specifically plead[ed]"). Plaintiffs failed to set forth a claim of retaliatory discharge.

**{23}**   Plaintiffs argue that a violation of the NMHRA is a violation of public policy actionable under *Vigil v. Arzola*, 1983-NMCA-082, 102 N.M. 682, 699 P.2d 613, *rev'd on other grounds*, 1984-NMSC-090, 101 N.M. 687, 687 P.2d 1038. However, for discharge to be actionable as a violation of public policy, the public policy in question cannot be a general one, but rather the plaintiff "must identify a specific expression of public policy which the discharge violated[.]" *Maxwell v. Ross Hyden Motors, Inc.*, 1986-NMCA-061, ¶ 20, 104 N.M. 470, 722 P.2d 1192; *see also Vigil*, 1983-NMCA-082, ¶ 35 ("A general allegation that the discharge contravened public policy is insufficient; to state a cause of action for retaliatory or abusive discharge the employee must identify a specific expression of public policy."). Plaintiffs' public policy argument also fails from a practical standpoint. Assuming that the general public policy against religious discrimination expressed by the NMHRA could be a basis for Plaintiffs' retaliatory discharge claim, Plaintiffs would be able to circumvent all the procedures set up by the Legislature for bringing discrimination claims by skipping the administrative process entirely. Such a tactic cannot prevail.

**{24}**   Plaintiffs further contend that because they requested punitive damages—which are not available under the NMHRA but are available under the tort of retaliatory discharge—Defendant should have been on notice that the tort of retaliatory discharge was being pleaded. Our Supreme Court has rejected the notion that a request for damages may form the basis for a specific cause of action. *See Lett v. Westland Dev. Co.*, 1991-NMSC-069, ¶ 6, 112 N.M. 327, 815 P.2d 623 ("While a prayer for relief may be helpful in specifying the contentions of the parties, it forms no part of the pleader's cause of action, and the prevailing party should be given whatever relief he is entitled to under the facts pleaded and proved at trial.").

**{25}**   We conclude that Plaintiffs did not plead a claim for the tort of retaliatory discharge, nor did they give Defendant adequate notice of the common law tort claim separate from the charge filed under the NMHRA. The district court did not err in granting Defendant's motion for directed verdict for failure to state a separate claim for retaliatory discharge.

## IV.   Consideration of Record as a Whole

**{26}**   Plaintiffs lastly argue that the district court erred by failing to consider the record as a whole in directing the verdict for Defendant. Because we agree with the district court that Plaintiffs failed to exhaust their administrative remedies, denying subject matter jurisdiction

to the district court under the NMHRA, and also failed to allege a claim of retaliatory discharge, we need not address this issue.

**CONCLUSION**

**{27}** For the foregoing reasons, we affirm the district court's order of dismissal and granting of Defendant's motions for directed verdict.

**{28}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**