This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36071**

**GERRY BILLY,**

>   Plaintiff-Appellee,

v.

**CURRY COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision existing under the laws of the State of New Mexico,**

>   Defendant-Appellant.

**Consolidated with**

**GERRY BILLY,**

>   Plaintiff-Appellant,

v.

**CURRY COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision existing under the laws of the State of New Mexico,**

>   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**William G.W. Shoobridge, District Judge**

Davis Law New Mexico
Philip B. Davis
Nicholas T. Davis
Albuquerque, NM

for Appellee

The New Mexico Association of Counties
Brandon Huss
Grace Philips
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     The opinion filed February 5, 2020, is hereby withdrawn, and this opinion is substituted in its place. Plaintiff prevailed after a jury trial on his claim under the New Mexico Whistleblower Protection Act, NMSA 1978, Sections 10-16C-1 to -6 (2010) (WPA). Defendant appeals the district court's denial of its motion for directed verdict and for judgment notwithstanding the verdict. Plaintiff cross-appeals the district court's interest award. We conclude the jury's finding that the conduct Plaintiff allegedly objected to or refused to participate in was an "unlawful or improper act," as defined by the jury instructions, is unsupported by substantial evidence. We reverse and vacate the district court's final judgment. Plaintiff's cross-appeal is moot.

## BACKGROUND

### Factual Background

**{2}**     On January 11, 2012, Plaintiff signed an employment contract with Defendant to serve as Administrator of the Curry County Detention Center. Plaintiff's contract was for a term of one year, with Defendant holding an annual option to renew. Plaintiff was employed as Administrator until Defendant voted at a January 8, 2013, public meeting not to renew his contract. Plaintiff subsequently filed a complaint in federal court.

### Procedural Background

**{3}**     Plaintiff brought a number of claims to federal court, all of which were dismissed on motions to dismiss or summary judgment. Plaintiff's state law WPA claims were dismissed without prejudice. Following an unsuccessful federal appeal, Plaintiff proceeded to state court, where he filed an amended complaint alleging several factual scenarios in support of his WPA claims. By the time of trial, dispositive motions had narrowed Plaintiff's WPA claims to a total of three. At trial, following the close of Plaintiff's evidence, the district court issued a directed verdict in favor of Defendant with respect to two of Plaintiff's three remaining claims.

**{4}**     The trial judge informed the jury, prior to the reading of the jury instructions, that two of Plaintiff's remaining three claims had been dismissed, and that the jury was only

to consider only the following claim. The WPA prohibits public employers from retaliating against public employees for, *inter alia*, "object[ing] to or refus[ing] to participate in an activity, policy or practice that constitutes an unlawful or improper act." Section 10-16C-3(C). As discussed more fully in this opinion, this is the third of three distinct theories of recovery available under the WPA. Plaintiff alleged he was entitled to recovery under this theory because (1) County Manager Lance "Pyle directed Plaintiff to discipline . . . employee [Amanda Sinfuego]," (2) "Pyle's directive constituted an unlawful or improper act," (3) "Plaintiff refused or objected to . . . Pyle's directive," and (4) "Plaintiff was retaliated against for refusing the directive."

**{5}**     The jury accepted Plaintiff's theory, finding that he had objected to or refused to participate in an activity, policy, or practice that constituted an "unlawful or improper act." "[U]nlawful or improper act" was defined in the jury instructions as "a practice, procedure, action or failure to act that violates a federal law, federal regulation, state law, or state administrative rule."

**{6}**     The jury also found Plaintiff's refusal to discipline Sinfuego was a motivating factor in Defendant's decision not to renew Plaintiff's contract and that Defendant's retaliatory action damaged Plaintiff. The jury awarded Plaintiff lost wages in the amount of $87,630.13. Following post-trial motions in both the district court and this Court, the district court entered its final judgment incorporating the jury's verdict and awarding Plaintiff damages and interest, pursuant to the provisions of the WPA.

**The Three Prongs of the WPA**

**{7}**     The WPA broadly prohibits a public employer from taking adverse employment action against a public employee in retaliation for certain conduct. *See* § 10-16C-3. Specifically, the WPA contemplates three separate and distinct theories of recovery. *See* § 10-16C-3(A)-(C). Each of the three prongs of the WPA requires a finding that the plaintiff was retaliated against for underlying conduct. *Id.* What distinguishes the three prongs is the nature of the underlying conduct.

**{8}**     The first prong, § 10-16C-3(A), describes the popularly-recognized "whistleblowing" scenario, in which a public employee "communicates to the public employer or a third party information about an action or a failure to act that a public employee believes in good faith constitutes an unlawful or improper act" and is retaliated against. *See id.* Critical to this prong is whether the plaintiff made a protected "communication." *See, e.g., Wills v. Bd. of Regents*, 2015-NMCA-105, ¶ 21, 357 P.3d 453 (holding that the plaintiff's filing of a breach of contract lawsuit against his former employer was not a "communication" with the defendants or a third party about an alleged abuse of the defendants' authority under the first prong of the WPA). Most New Mexico case law construing the language of the WPA arises out of first-prong fact patterns.

**{9}**     The second prong, § 10-16C-3(B), protects a plaintiff who is retaliated against for providing information or testifying before a public body "as part of an investigation,

hearing or inquiry into an unlawful or improper act." New Mexico does not appear to have any case law arising under this subsection.

**{10}** The third prong, § 10-16C-3(C), governs the only one of Plaintiff's claims that reached the jury. This subsection describes a situation in which a plaintiff is retaliated against for objecting to or refusing to participate in an activity, policy, or practice that constitutes an "unlawful or improper act." *Id.* "Unlawful or improper act" is broadly defined elsewhere in the WPA as

> a practice, procedure, action or failure to act on the part of a public employer that: (1) violates a federal law, a federal regulation, a state law, a state administrative rule or a law of any political subdivision of the state; (2) constitutes malfeasance in public office; or (3) constitutes gross mismanagement, a waste of funds, an abuse of authority or a substantial and specific danger to the public.

Section 10-16C-2(E).

**{11}** The language of the first prong differs from that of the second and third prongs in at least one important respect. The first prong requires a plaintiff to demonstrate he or she "believes in good faith" that an action or failure to act on the part of the public employer "constitutes an unlawful or improper act." Section 10-16C-3(A). A plaintiff proceeding under this prong, therefore, does not have the burden of demonstrating the "unlawful or improper act" in question was *in fact* unlawful or improper, as otherwise defined in the WPA. In first-prong cases, the jury's inquiry into whether conduct was unlawful or improper turns instead on the plaintiff's *belief* as to the unlawfulness or impropriety of the conduct in question.

**{12}** A plaintiff proceeding under the third prong, as in this case, has a different evidentiary burden than a plaintiff proceeding under the first, because the second and third prongs omit the "good faith belief" language, requiring instead proof that the plaintiff declined to perform or objected to an act that is *actually* unlawful or improper. *Compare* § 10-16C-3(A), *with* § 10-16C-3(C). We assume this was not a drafting error. "The Legislature knows how to include language in a statute if it so desires." *State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d 753 (alteration, internal quotation marks, and citation omitted). As a result, a plaintiff proceeding under the second or third prong must establish the "unlawful or improper act" in question was, *in fact*, unlawful or improper, as otherwise defined in the WPA. In our case, the phrase "unlawful or improper act" was specifically defined in the jury instructions. Per that instruction, the jury found Pyle's directive to Plaintiff was "a practice, procedure, action or failure to act that violates a federal law, federal regulation, state law, or state administrative rule." The question we consider in this appeal is whether there was sufficient evidence supporting this finding.

**DISCUSSION**

**Standard of Review**

**{13}** Defendant contends the district court erred in denying its motions for directed verdict and judgment notwithstanding the verdict. Our review is de novo. *McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 36, 143 N.M. 740, 182 P.3d 121.

> A directed verdict is a drastic measure that is generally disfavored. A district court should not grant a motion for directed verdict unless it is clear that the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result.

*Silva v. Lovelace Health Sys., Inc.*, 2014-NMCA-086, ¶ 36, 331 P.3d 958 (internal quotation marks and citation omitted). "A directed verdict is appropriate only when there are no true issues of fact to be presented to a jury. The sufficiency of evidence presented to support a legal claim or defense is a question of law for the district court to decide." *Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 7, 314 P.3d 681 (alteration, omission, internal quotation marks, and citation omitted).

> In reviewing a sufficiency of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary. We defer to the jury's determination regarding the credibility of witnesses and the reconciliation of inconsistent or contradictory evidence. We simply review the evidence to determine whether there is evidence that a reasonable mind would find adequate to support a conclusion.

*Charles v. Regents of N.M. State Univ.*, 2011-NMCA-057, ¶ 15, 150 N.M. 17, 256 P.3d 29 (alteration, internal quotation marks, and citation omitted). "We will not reweigh the evidence [or] substitute our judgment for that of the fact[-] finder." *N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted).

**Jury Instructions**

**{14}** Neither party complains about the jury instructions on appeal. As such, the unchallenged instructions "become the law of the case against which sufficiency of the evidence is to be measured." *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 21, 289 P.3d 1255 (internal quotation marks and citation omitted). Jury Instructions No. 4 and No. 5 therefore guide our sufficiency analysis.

**{15}** Jury Instruction No. 4 provides in pertinent part:

> Plaintiff has the burden of proving:

> (1)　. . . Plaintiff objected to or refused to participate in an activity, policy or practice that constitutes an unlawful or improper act; and
>
> (2)　The public employer took a retaliatory action against Plaintiff because he communicated such information to the public employer or a third party.

Jury Instruction No. 4 also defines an "unlawful or improper act" as "a practice, procedure, action or failure to act that violates a federal law, federal regulation, state law, or state administrative rule."

**{16}** Jury Instruction No. 5 frames the jury's charge more specifically. It instructs that Plaintiff has the burden of proving: (1) "Pyle directed Plaintiff to discipline [Sinfuego], (2) "Pyle's directive constituted an unlawful or improper act," (3) "Plaintiff refused or objected to . . . Pyle's directive," and (4) "Plaintiff was retaliated against for refusing the directive."

**Sufficiency of the Evidence**

**{17}** "We evaluate the evidence with reference to the language of the jury instructions given, which constitute the law of the case." *Littell v. Allstate Ins. Co.*, 2008-NMCA-012, ¶ 33, 143 N.M. 506, 177 P.3d 1080. In the instant case, we inquire whether sufficient evidence supports the jury's findings that (1) "Plaintiff objected to or refused to participate in an activity, policy or practice that constitutes an unlawful or improper act[,]" and that (2) "Pyle's directive constituted an unlawful or improper act."

**{18}** On appeal, Plaintiff insists Pyle's directive was unlawful or improper. However, "[i]t is not our practice to rely on assertions of counsel unaccompanied by support in the record." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). We have reviewed the parties' briefing and argument in the trial court and we have considered the appellate briefs. We have examined the record of the trial. Although this Court has no duty to review an argument that is not adequately developed, *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 15, 115 N.M. 181, 848 P.2d 1108 (reiterating that "it is not the responsibility of the reviewing court to search through the record to determine whether substantial evidence exists to support a finding"), we nonetheless found nothing in the record supporting the jury's finding that Pyle's directive to Plaintiff to further discipline Sinfuego was a "practice, procedure, action or failure to act that violates a federal law, federal regulation, state law, or state administrative rule."

**{19}** If Plaintiff put on evidence at trial in support of any such finding, he does not point us to it now. *See Martinez*, 1993-NMCA-020, ¶ 15. Plaintiff's briefing confirms only that certain basic facts were established. There was testimony that Pyle told Plaintiff that Sinfuego distributed union materials on December 10, 2012, and that Pyle demanded Plaintiff further discipline Sinfuego for this activity. Sinfuego testified she did not take

part in union activities on December 10, 2012, and Plaintiff testified that he refused to discipline Sinfuego for activities in which she did not take part. Although Plaintiff testified that he has a "policy" not to discipline employees for things they have not done, a personal policy is not a "federal law, a federal regulation, a state law, or a state administrative rule."

**{20}** We could locate no witness testimony addressing whether the discipline of Sinfuego would have been in violation of federal, state law, or rule. No witness opined as such. No exhibits were offered by Plaintiff showing any law or rule he would have violated had he disciplined Sinfuego per Pyle's directive. Plaintiff's counsel argued in closing that discipline of Sinfuego would have been "against state and federal law," but it is well established that argument of counsel cannot substitute for admissible evidence. *Montoya*, 2011-NMCA-072, ¶ 9 ("The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{21}** Plaintiff's appellate briefing cites federal law, state law, and a county ordinance that Plaintiff argues to this Court establishes that Pyle's directive was an unlawful or improper act. None of the language of the law Plaintiff discusses in his briefing with this Court was before the jury in the trial below. Plaintiff's citation to the New Mexico Public Employee Bargaining Act, NMSA 1978, § 10-7E-1 to -26 (2003, as amended through 2005) (PEBA), the National Labor Relations Act, 29 U.S.C. § 158(a)(3) (2018), and the New Mexico Personnel Act, NMSA 1978, §§ 10-9-1 to -25 (1961, as amended through 2014), is therefore unavailing on appeal.

**{22}** Plaintiff's appellate argument hinges principally on a Curry County ordinance that he asserts Pyle's directive violated. For at least two reasons, Plaintiff's argument fails. First, the language of the county ordinance upon which Plaintiff now relies to establish an "unlawful or improper act" was not before the jury. Again, that which was not of record at trial cannot furnish support for the jury's findings on appeal. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19; *In re Mokilogon*, 2005-NMCA-021, ¶ 7. Second, the jury instructions limited the scope of applicable law to federal, state law, or rule and specifically omitted statutory language allowing the jury to consider county ordinances in addition to federal or state law. Even if the Curry County ordinance now championed by Plaintiff had been before the jury, or if we could reasonably infer the jury was otherwise aware of it, "local ordinance" plainly falls outside the scope of the Jury Instruction No. 4 definition of "unlawful or improper act." Similarly, Pyle's testimony concerning a Curry County personnel policy is unavailing, again because the violation the jury was specifically charged with finding was one of federal, state law, or rule, not one of local ordinance.

**{23}** We hold Plaintiff failed to establish with sufficient evidence that Pyle's directive to Plaintiff to discipline Sinfuego constituted a violation of "federal law, a federal regulation, a state law, or a state administrative rule," and was therefore an "unlawful or improper act" as defined by the jury instructions. We reverse the district court and vacate its final judgment.

**Plaintiff's Cross-Appeal**

**{24}**   As we are reversing the district court and vacating the jury's verdict, Plaintiff's cross-appeal challenging the interest awarded on the jury's award of lost wages is moot.

**CONCLUSION**

**{25}**   For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

**{26}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**