This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37832

**CATHY CARNES,**

Plaintiff-Appellant,

v.

**CITY OF HOBBS, CITY OF HOBBS POLICE DEPARTMENT, CHIEF OF POLICE CHRISTOPHER MCCALL, LIEUTENANT CHARLES CUNNINGHAM, and CITY MANAGER J.J. MURPHY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Kea W. Riggs, District Judge**

The Sawyers Law Group, LLC
James W. Klipstine, Jr.
Hobbs, NM

for Appellant

Bryan Evans
Roswell, NM

for Appellees

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Plaintiff appealed following the dismissal of her complaint. We issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** Because the relevant background information has previously been set forth, we will avoid undue reiteration here, and focus instead on the substantive content of the memorandum in opposition.

**{3}** With respect to the first issue originally presented, concerning the characterization of Defendants' dispositive motion, Plaintiff effectively concedes. [MIO 2-3] Accordingly, further discussion of that issue is unnecessary.

**{4}** With respect to the second issue, by which Plaintiff challenged the propriety of the dismissal of her complaint for failure to exhaust remedies, we remain unpersuaded. As we observed in the notice of proposed summary disposition, [CN 2-3] this Court previously rejected the argument Plaintiff advances, under nearly identical circumstances, in the case of *Rist v. Design Center at Floor Concepts*, 2013-NMCA-109, ¶¶ 10, 13, 16-25, 314 P.3d 681 (observing that failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction; holding that an Equal Employment Opportunity Commission (EEOC) right-to-sue letter cannot be treated as an order of nondetermination from the New Mexico Human Rights Division (NMHRD); explaining that absent such an order, a claimant has failed to exhaust administrative remedies under the New Mexico Human Rights Act (NMHRA), such that dismissal of the complaint is appropriate; and concluding that a similar complaint, which specifically stated a claim for violation of the NMHRA, did not state a claim for wrongful termination).

**{5}** In her memorandum in opposition Plaintiff suggests that her response to Defendants' motion to dismiss should be regarded as sufficient to provide notice of her intent to pursue a claim for retaliatory discharge. [MIO 4-5] However, in ruling upon Defendants' motion to dismiss, the district court was called upon to evaluate the sufficiency of the complaint, not to determine whether other pleadings suggested that additional claims could be added. [RP 40-44] *See Humphries v. Pay & Save, Inc.*, 2011-NMCA-035, ¶ 6, 150 N.M. 444, 261 P.3d 592 ("Motions to dismiss under Rule 1-012(B)(1) and (B)(6) . . . test the legal sufficiency of the complaint, not the factual allegations of the pleadings[.]" (internal quotation marks and citations omitted)). And as previously stated, *Rist* clearly holds that a complaint such as Plaintiff's, which specifically and exclusively invokes the NMHRA, does not set forth a claim for retaliatory discharge. *See* 2013-NMCA-109, ¶¶ 20-23. If Plaintiff had moved to amend her complaint in order to state a claim for retaliatory discharge, the outcome might well have been different. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 22, 127 N.M. 282, 980 P.2d 65 (observing that "it is not uncommon for courts to allow jurisdictional defects to be cured by granting leave to amend the complaint," and indicating parenthetically that the courts should grant plaintiffs leave to amend, unless a jurisdictional defect is incurable). However, that did not occur in this case. As a result, we conclude that the complaint was properly dismissed. *See, e.g., Rist* 2013-NMCA-109, ¶¶ 10, 13, 16-25 (declining to read a similar complaint to set forth a retaliatory discharge claim, and concluding that dismissal was ultimately in order).

**{6}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**