This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40927

**ANITA MEYER,**

Petitioner-Appellant,

v.

**REGENTS OF THE UNIVERSITY OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa Chavez Ortega, District Court Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall
Phillip Patrick Baca
Albuquerque, NM

for Appellant

Long, Komer & Associates, P.A.
Mark E. Komer
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BOSSON, Justice, retired, sitting by designation.**

**{1}** Petitioner Anita Meyer appeals the district court's order dismissing her complaint with prejudice against Respondent Board of Regents of the University of New Mexico (UNM) alleging a violation of the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2023). Petitioner argues the district court erred by granting UNM's motion for judgment on the pleadings. We affirm.

**BACKGROUND**

**{2}**     In April 2022, Petitioner's attorney sent an IPRA request to the UNM Hospital Custodian of Records requesting a "printout of all persons/entities who have accessed any medical records for the following University of New Mexico Hospital patient: Anita L. Meyer." This type of record is known as an "audit log" or "audit trail." The custodian of public records rejected Petitioner's request, citing Section 14-2-1(A), (H) and NMSA 1978, Section 14-6-1(A) (1977), as well as the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the HIPAA Privacy Rule. Petitioner then filed a complaint against UNM for production of public records pursuant to IPRA, as well as a petition for writ of mandamus, writ of injunction, and declaratory relief. After UNM filed its motion for judgment on the pleadings, Petitioner amended her complaint to add a breach of fiduciary duty claim. Upon completion of briefing and a hearing on UNM's motion, the district court concluded "as a matter of law that . . . Petitioner's request to . . . Respondent under [IPRA] . . . does not request a public record as defined by IPRA" and dismissed Petitioner's complaint with prejudice. Petitioner appeals.

**DISCUSSION**

**{3}**     Petitioner argues that the district court erred by concluding as a matter of law that the record she requested was not a "public record" subject to IPRA, or, alternatively, that the district court abused its discretion by granting UNM's motion for judgment on the pleadings without first ruling on her pending discovery motions. UNM argues that (1) the district court's conclusion of law is correct; and (2) the district court did not abuse its discretion because the discovery motions would not have assisted the district court in deciding UNM's motion for judgment on the pleadings due to the motion's purely legal nature.

**Standard of Review**

**{4}**     We begin by addressing the parties' dispute over the standard of review. Generally, "[w]e review judgments on the pleadings made pursuant to Rule 1-012(C) NMRA according to the same standard as motions for failure to state a claim under Rule 1-012(B)(6)." *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 5, 148 N.M. 804, 242 P.3d 371. However, Petitioner asserts that UNM's motion for judgment on the pleadings was converted to a motion for summary judgment because UNM attached an exhibit to its motion.[1] The two-page exhibit is a copy of UNM's letter denying Petitioner's IPRA request, which also contains the text of Petitioner's request.

**{5}**     UNM's answer brief provides several counterarguments, including that Petitioner did not preserve her argument that UNM's motion for judgment on the pleadings should

---

[1]Rule 1-012(C) provides that, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1-056 NMRA, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1-056."

be treated as a motion for summary judgment. UNM also argues that the attached exhibit was part of the pleadings because UNM attached a copy of the denial letter to its answer to Petitioner's complaint. Thus, UNM argues, the denial letter was part of the pleadings and could be properly considered by the district court. *See* Rule 1-007(A) NMRA (defining "pleadings," in relevant part, as a complaint and answer); Rule 1-010(C) NMRA (providing that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

{6}     We find UNM's arguments persuasive, especially given Petitioner's lack of response to these arguments in her reply brief, *see Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (providing that when an appellant does not respond to arguments made in an answer brief, "such a failure to respond constitutes a concession on the matter"), and Petitioner's failure to preserve her argument below, *see Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (providing that "on appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue," and "[a]bsent that citation to the record or any obvious preservation, we will not consider the issue"). We thus review the district court's grant of UNM's motion for judgment on the pleadings under our Rule 1-012(B)(6) standard. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 5.

{7}     Accordingly, we review de novo the district court's judgment on the pleadings and "[w]e accept as true all facts well pleaded and question only whether [Petitioner] might prevail under any state of facts provable under the claim." *See id.* (internal quotation marks and citation omitted); *see also Wills v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-105, ¶ 12, 357 P.3d 453 (providing that, under this standard of review, "we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint" (internal quotation marks and citation omitted)). Dismissal is appropriate when "the claim asserted is legally deficient." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. To the extent our review requires that we interpret provisions of IPRA, our review is de novo. *Faber v. King*, 2015-NMSC-015, ¶ 8, 348 P.3d 173. Although our review is de novo, it remains "the appellant's burden to persuade us that the district court erred" because "[o]n appeal, there is a presumption of correctness in the rulings and decisions of the district court." *Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (internal quotation marks and citation omitted).

**I.      We Are Not Persuaded the District Court Abused Its Discretion by Granting UNM's Motion for Judgment on the Pleadings Without Ruling on Petitioner's Pending Discovery Motions**

{8}     We turn first to Petitioner's second argument—that the district court abused its discretion by granting UNM's motion without first ruling on her pending discovery motions—because this argument relies on us agreeing that UNM's motion was converted to a motion for summary judgment. For the reasons just discussed, we are unpersuaded that UNM's motion was so converted and thus, we reject Petitioner's

argument. In short, Petitioner's challenge to the district court's action on the basis that it prevented her from "'utiliz[ing] the discovery process to discover the facts necessary to justify [her] opposition to [a] summary judgment motion,'" *see Diversified Dev. & Inv., Inc. v. Heil*, 1995-NMSC-005, ¶ 20, 119 N.M. 290, 889 P.2d 1212 (alteration omitted) (quoting *Snook v. Trust Co. of Ga. Bank of Savannah*, 859 F.2d 865, 871 (11th Cir. 1988)), does not demonstrate that the district court erred under our Rule 1-012(B)(6) standard.[2] *See Hall*, 2023-NMCA-042, ¶ 5 (providing that "it is the appellant's burden to persuade us that the district court erred").

## II.   Petitioner's Record Request Was Not Subject to IPRA

**{9}**   We now turn to whether the record Petitioner requested—an audit log of all people or entities who had accessed Petitioner's medical records—is a "public record" subject to IPRA's disclosure requirements. The district court concluded as a matter of law that the audit log was NOT a public record under IPRA. Petitioner asserts that the question before us is "whether Section 14-6-1 'expressly' forbids patients from finding out whether someone has had unlawful access to their medical records." However, we agree with UNM that the question presented by Petitioner's appeal is not whether there is an exception under IPRA, but rather whether the audit log was a "public record" under IPRA in the first place. Petitioner presents several arguments challenging the district court's conclusion. We address each in turn.

**{10}**   First, Petitioner argues that under this Court's holding in *New Mexico Foundation for Open Government v. Corizon Health*, 2020-NMCA-014, 460 P.3d 43, the requested audit log is a "public record" for purposes of IPRA. Petitioner asserts that *Corizon Health* broadly held that "records created in relation to medical care constitute public records" under IPRA. This mischaracterizes *Corizon Health*, which instead held that *settlement agreements* entered into by a private entity that was providing healthcare to inmates on behalf of the New Mexico Corrections Department were "public records" subject to disclosure under IPRA. *See id.* ¶¶ 2, 5, 21. Thus, as UNM points out, *Corizon Health* does not touch upon the question whether hospital records like the one requested by Petitioner are "public records" for purposes of IPRA. Because "cases are not considered authority for propositions not considered," *Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 24, 433 P.3d 320, and because Petitioner provides no other legal authority to support her argument that "records created in relation to medical care constitute public records"

---

[2]Toward the end of Petitioner's summary judgment argument, she states that "the district court disregarded [an] appellate mandate" from *American Civil Liberties Union of New Mexico v. Duran* that "[o]ur IPRA jurisprudence contemplates in camera review in circumstances in which the applicability of a disclosure exception is in question." 2016-NMCA-063, ¶ 45, 392 P.3d 181. Petitioner then cites *Henry v. Gauman*, 2023-NMCA-078, ¶ 23, 536 P.3d 498, *cert. denied* (S-1-SC-40039, Oct. 5, 2023), for the proposition that "[i]n camera inspection may be required if an agency attempts to shield documents without adequately identifying their content or without identifying nonexempt attachments." Petitioner does not explain how *Duran* or *Henry* support her implicit argument that in camera review was required by the facts in this case. We thus conclude this single-paragraph argument is inadequately developed for our review. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review an argument that was less than one page long, lacked an "explanation of [the appellant's] argument," and did not contain "any facts that would allow [this Court] to evaluate this claim").

under IPRA, we reject this argument. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists.").

**{11}** Next, Petitioner argues that UNM did not meet its burden to demonstrate that the requested audit log was "expressly exempted" from disclosure under IPRA. *See Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 7, 464 P.3d 129 (observing that the Court of Appeals has held that "IPRA's broad language defining public records is clear that, absent an express exemption from disclosure, public agencies must produce all records" (internal quotation marks and citation omitted)). But before we consider whether the audit log is exempted under IPRA, we must consider whether the audit log qualifies as a public record to be included under IPRA. Petitioner fails to meaningfully contend with UNM's argument that Section 14-6-1(A) excludes from public disclosure under IPRA "[a]ll health information that relates to and identifies specific individuals as patients." Clearly, the audit log identifies "specific individuals as patients," including Petitioner. Petitioner offers no response to UNM's reliance on *Libit v. University of New Mexico Lobo Club*, in which this Court recognized that Section 14-6-1(A) does not include as a public record "health information" that "identifies specific individuals" like Petitioner as a patient. *See* 2022-NMCA-043, ¶ 13 n.8, 516 P.3d 217 (internal quotation marks omitted), *cert. quashed* (S-1-SC-39396, Sept. 27, 2023); *see also Delta Automatic Sys., Inc.*, 1999-NMCA-029, ¶ 31 (providing that when an appellant does not respond to arguments made in an answer brief, "such a failure to respond constitutes a concession on the matter").

**{12}** To the extent Petitioner argues that the requested audit log is not "health information" under Section 14-6-1(A), or suggests that UNM failed to provide an explanation for why the log constitutes "health information" under Section 14-6-1(A), her argument lacks merit. Petitioner's argument on this point is undercut by her own characterization—made in her complaint and throughout her reply brief—of the requested log as a medical record, and her citation to legal authority that describes audit logs as part of a patient's medical record. *See Luterek v. Schneider Reg'l Med. Ctr.*, 2022 VI Super 35U, ¶ 8 (V.I. Super. Ct. 2022) (unpublished mem.) (characterizing an audit log as "a part of the electronic medical record" (internal quotation marks and citation omitted)). Additionally, UNM explained below, and on appeal, that the requested audit log is health information because it contains information regarding who provided medical care to Petitioner, and Petitioner's treatment and diagnoses.

**{13}** UNM has also consistently explained that the very act of turning over the requested log identifies Petitioner as a hospital patient. For these reasons, UNM argues, Section 14-6-1(A)'s exclusion of "health information that relates to and identifies specific individuals as patients" from "matter[s] of public record" applies to the audit log and removes such information from the definition of "public records" in Section 14-2-6(H). Given the cursory nature of Petitioner's challenge to Section 14-6-1(A)'s applicability, the lack of meaningful refutation of UNM's argument on this point, and her contradictory characterization of the audit log, we decline to further consider this

argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (providing that appellate courts do not review undeveloped or unclear arguments).

**{14}** Petitioner also briefly argues that "UNM Hospital failed to show that Section 14-6-1 expressly abrogated UNM Hospital's fiduciary duty, a duty which our Supreme Court acknowledged in *Kern By and Through Kern v. St. Joseph Hosp.*[*, Inc.*, 1985-NMSC-031, 102 N.M. 452, 697 P.2d 135]" Petitioner supports this assertion by quoting a single sentence from *Kern*, which in full reads: "Silence may sometimes constitute fraudulent concealment where a physician breaches his fiduciary duty to disclose material information concerning a patient's treatment." *Id.* ¶ 11. *Kern* is not an IPRA case, and the "material information" withheld from the patient was that he had been exposed to excessive radiation during his treatment for bladder cancer. *Id.* ¶¶ 3-4. *Kern*'s relevance to Petitioner's appeal is not immediately apparent, and absent a more developed argument from Petitioner, we decline to consider this issue further. *See Headley*, 2005-NMCA-045, ¶ 15 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

**{15}** The remainder of Petitioner's argument is that she is entitled to the requested audit log under statutes other than IPRA, including the Electronic Medical Records Act (EMRA), NMSA 1978, §§ 24-14B-1 to -10 (2009, as amended through 2021), and HIPAA. Assuming without deciding that this is true, Petitioner has still not demonstrated error below. Petitioner chose to bring her claim under IPRA. Petitioner may not overcome a motion for judgment on the pleadings by arguing a theory, or theories, that she did not plead. *See Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 22, 314 P.3d 681 ("While pleadings are to be liberally construed by New Mexico's courts, we will not read into a complaint a cause of action that is not stated."); *see also Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 3, 111 N.M. 670, 808 P.2d 955 (declining to consider an argument "based on [a] theory . . . not alleged in the complaint" and explaining that "[a] complaint must proceed upon a distinct and definite theory and upon that theory the case must stand or fall").

**{16}** Finally, it simply makes sense to us that such sensitive medical information would not be a public record under IPRA. If not, then anyone—not just Petitioner—could command its disclosure. Petitioner emphasizes that only she, as the patient, is seeking this information. But under IPRA, once a record becomes public it cannot be so limited. Petitioner cites to other statutes and federal regulations that purportedly provide an avenue for disclosure, limited only to the patient. But Petitioner did not file this lawsuit under those other authorities, and therefore they exceed the scope of this appeal. Petitioner chose IPRA, which is unavailing to her for the reasons explained in this opinion.

**{17}** For these reasons, we remain unpersuaded by Petitioner's arguments that the district court erred. *See Hall*, 2023-NMCA-042, ¶ 5 (providing that it is "the appellant's burden to persuade us that the district court erred" because "[o]n appeal, there is a

presumption of correctness in the rulings and decisions of the district court" (internal quotation marks and citation omitted)).

**CONCLUSION**

**{18}** For the foregoing reasons, we affirm.

**{19}  IT IS SO ORDERED.**

**RICHARD C. BOSSON, Justice,**
**Retired, Sitting by Designation**

**WE CONCUR:**

**KATHERINE A. WRAY, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**Retired, Sitting by Designation**