D. CLINTON COOK, TRADING AS CONSUMERS ICE COMPANY, AND IN THE ALTERNATIVE, NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS, v. FREDERICK PHILLIPS, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Katzenbach, Gildea & Rudner*.

For the respondents, *James J. McGoogan*.

The opinion of the court was delivered by

HETFIELD, J.   This suit was instituted by an employer, D. Clinton Cook, trading as Consumers Ice Company, and by his insurance carrier, New Jersey Manufacturers' Casualty Insurance Company, in the alternative, against the appellant, to recover compensation paid an employe of Cook, the action being based on section 23-F of the Workmen's Compensation act. *2 Comp. Stat.,* 1924, *p.* 3885.   The case was tried before Judge Oliphant, without a jury, and the parties, for the purpose of this appeal, have stipulated as to the facts proved at the trial, which show that one John Tarin was employed by Cook, as a driver of an automobile truck, and on August 25th, 1925, a truck owned by the defendant, collided with Cook's truck and Tarin, the employe, was injured.   The insurance carrier paid to Tarin the sum of $600.29, under the Workmen's Compensation act, by reason of injuries arising out of the accident which occurred in the course of Tarin's employment.   Tarin subsequently instituted suit in the Supreme Court against the appellant, which was settled by the payment of $1,000.   Judge Oliphant found that the statutory requirements had been sufficiently complied with and gave judgment in favor of the plaintiff D. Clinton Cook in the sum of $805.07, which included interest from the date when the compensation period terminated.

It appears that the plaintiffs had served on the defendant, before trial, a notice to produce four certain letters which were sent by the insurance carrier to the defendant, for the purpose of giving notice of the compensation agreement or

award between the employer and the employe as required by the statute. The defendant did not produce the original letters at the trial, and copies of same were offered by the insurance company, and admitted in evidence over the defendant's objection and exception. It is contended that there was no proof of mailing, or evidence that the letters had been received by the defendant, and we are inclined to agree. So far as the record indicates, the only evidence of mailing was the testimony given by two employes of the insurance company, who testified that they had dictated and signed the original of the exhibits admitted in evidence, and left them on their desks to be collected by some other employe of the company, whose duty it was to take the letters to the mailing department, in the basement, where they would be sealed, stamped and mailed. No employe testified that he had performed the duty of collecting the mail on the dates when the letters were alleged to have been sent. We do not think that the mere dictation or writing of a letter, coupled with evidence of an office custom with reference to the mailing of letters, is sufficient to constitute proof of mailing of same, in the absence of some proof or corroborating circumstance sufficient to establish the fact that the custom in the particular instance had in fact been followed.

It was held, in the case of *Commercial Cable Building Co. v. McKenna,* 171 *N. Y. Supp.* 409, that the testimony of the accountant of a corporation that he dictated a letter, that it was written out, signed by the treasurer, and then placed by the witness in an envelope and handed by him to the mailing clerk, to be stamped and dropped in the mail chute, and that this was the regular procedure of the office with regard to the writing and mailing of letters, was insufficient to establish the fact that the letter had been mailed, in the absence of the evidence of the mail clerk to fill the gap in the proof as to mailing, or as to an invariable practice as to all letters so handed to him; and hence, a copy of the letter was inadmisible; and in the case of *Mankin* v. *Parry,* 70 *Pa. Super. Ct.* 558, that evidence that a letter was dictated and written, and that it was the duty and custom for the ste-

nographer to mail letters so written, without the supporting evidence of the stenographer that she actually had mailed it, was insufficient to establish the fact of mailing, the court saying that the mere proof of the custom, without proof of the performance of the duty, was insufficient.

It is admitted by the plaintiff, that the employer, Cook, made none of the compensation payments, all having been paid by the insurance carrier. It is argued by the defendant, that the insurance carrier is not entitled to any relief, either by way of subrogation or reimbursement; and his contention should be sustained, this court having so held, at the present term, in the cases of Erie Railroad Co. *v.* Alma Michelson, &c., et al., and New York, S. & W. Railroad Co. *v.* Marie Huebschmann, Executrix.

The judgment under review will be reversed.

*For affirmance*—WELLS, J. 1.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, KERNEY, JJ. 13.