2006-NMCA-128

144 P.3d 120

**SCHNEIDER NATIONAL, INC.,**
**a Wisconsin Corporation,**
**Plaintiff–Appellant,**

v.

**STATE of New Mexico, TAXATION AND REVENUE DEPARTMENT, and Jan Goodwin, Secretary of the New Mexico Taxation and Revenue Department, Defendants–Appellees.**

**No. 25,530.**

Court of Appeals of New Mexico.

Aug. 16, 2006.

Kennedy & Han, P.C., Paul J. Kennedy, Albuquerque, NM, for Appellant.

Patricia A. Madrid, Attorney General, Bruce J. Fort, Special Assistant Attorney General, Santa Fe, NM, for Appellees.

## OPINION

WECHSLER, Judge.

{1} In this tax refund case, we consider whether the statutory period to pursue a remedy under NMSA 1978, 7–1–26(B)(1) (2003) begins from the delivery of a notice of denial of refund when the State of New Mexico Taxation and Revenue Department mails, rather than hand delivers, the notice. We also consider the propriety of summary judgment for failure to file within the statutory filing period when the Department presents evidence of mailing notice by affidavits stating its employees' office practices. We determine that the filing period begins from the date of mailing and that the Department's evidence was sufficient to support summary judgment. We therefore affirm.

## BACKGROUND

{2} Schneider National, Inc. filed an administrative claim for refund of motor transportation fees paid to the Department. The Department partially denied the claim. Schneider then filed a complaint for refund in district court. The Department moved to dismiss for lack of subject matter jurisdiction, contending that Schneider failed to meet the statutory deadline for filing its complaint. According to the Department, it mailed the partial denial of refund to Schneider on December 15, 2003, requiring Schneider to file its complaint on or before March 15, 2004. The complaint was filed on March 22, 2004.

{3} The Department supported its motion to dismiss with the affidavits of two Department employees. Norman Purdy, manager of the Department's Motor Vehicle Division, Commercial Vehicles Bureau, stated that he prepared the partial denial letters dated December 15, 2003, and that the warrants, dated December 12, 2003, and a notice of taxpayer remedies were enclosed with the letters. With regard to mailing, he stated:

Although I do not remember specifically mailing the Schneider partial denial letters, it is my business practice to mail the letters the same business day by depositing them in our office mailbox. That box is collected several times a day for mailing by our mail room.

It is possible that the Schneider partial denial letters would have been collected from our office on the morning of December 16, 2003.

{4} Joseph M Fletcher, Bureau Chief of the Department's Postal Processing Center, stated in his affidavit that, based on established business practices, his employees would have made two or more trips to the outgoing mailbox of the Commercial Vehicle Bureau on December 15 and 16, 2003 to pick up mail and that ordinary mail picked up on those days would have been mailed the same day.

{5} In its amended response to the Department's motion, Schneider asserted that its refund notices "were not delivered ... within [the] 90–day period" and that its complaint was timely if it was filed within ninety days of delivery of the partial denial. Schneider asserted that the Department's affidavits did not establish that the partial denial was mailed on December 15 or 16, 2003, and submitted the affidavit of an attorney, who stated that the Department's counsel had not mailed two pleadings in other cases to him, despite stating otherwise in certificates of service on the pleadings. In its amended response, the Department responded to Schneider's assertion that the refund notices were not received within ninety days of December 15 or 16, 2003, with the supplemental affidavit of Norman Purdy, in which Purdy additionally stated that the Department's records indicated that the ten warrants he included with the partial denial letters were redeemed by the taxpayers on January 9, 2004. Purdy further stated that in 2003 he mailed at least fifty partial denial and denial letters for claims similar to those of Schneider and, to his knowledge, no other recipient claimed that it had not received the letters.

{6} The district court treated the motion to dismiss as a motion for summary judg-ment by virtue of the affidavits. It entered findings of fact and conclusions of law that the material facts were not in dispute, that the Department mailed notices of partial denial on December 15 or 16, 2003, that Schneider received the partial refund warrants mailed with the notices on or before January 9, 2004, when it negotiated the warrants, that Schneider did not file its complaint within ninety days of the mailing of the partial denial notices, and that, as a result, the court lacked subject matter jurisdiction entitling the Department to judgment as a matter of law. It entered summary judgment dismissing the complaint with prejudice.

## SUMMARY JUDGMENT

██ {7} The Department moved to dismiss the complaint for lack of subject matter jurisdiction. The district court did not have subject matter jurisdiction if the complaint was not filed within the period required by Section 7–1–26(B)(1). NMSA 1978, § 7–1–22 (1995); *see Kilmer v. Goodwin,* 2004–NMCA–122, ¶ 16, 136 N.M. 440, 99 P.3d 690 ("The purpose of the time deadline in Section 7–1–26 is to avoid stale claims...."). A district court properly treats a motion to dismiss as a motion for summary judgment under Rule 1–056 NMRA when it considers matters outside the record, such as the affidavits in this case. *Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 54, 636 P.2d 322, 325 (Ct.App.1981).

{8} Schneider argues that the district court should not have granted summary judgment on three grounds: that the district court erroneously dismissed the complaint based on unsupported findings of fact, that the Department was not entitled to a presumption of mailing by placing the notices in the Department's "mailbox," and that the district court erred in finding that the period of filing under Section 7–1–26(B)(1) began with the Department's mailing rather than the delivery of the notices. Because these arguments raise legal issues concerning the propriety of summary judgment, we afford them de novo review. *See Gormley v. Coca–Cola Enters.,* 2005–NMSC–003, ¶ 8, 137 N.M. 192, 109 P.3d 280.

## A. INTERPRETATION OF SECTION 7-1-26(B)

■ {9} We address Schneider's third argument first because it raises an issue of statutory interpretation that is dispositive of the other issues if we decide it in Schneider's favor. Section 7-1-26(B)(1) provides that when the Department has denied a claim for refund in whole or in part, the taxpayer may pursue statutory remedies, including filing an action in district court, "within ninety days after either the mailing or delivery of the denial." Schneider would read Section 7-1-26(B)(1) to begin the filing period at the later of mailing or delivery. It posits that there is a reasonable inference that the notices were not delivered to it more than ninety days before it filed this action, although it has not submitted any evidence of the actual time of delivery. The Department reads Section 7-1-26(B)(1) to begin the filing period at the mailing, if mail is used, or at the delivery, if notice is delivered by other means. We agree with the Department.

■ {10} We interpret a statute to give effect to all of its terms and to avoid surplusage. *Montoya v. Mentor Corp.*, 1996-NMCA-067, ¶ 19, 122 N.M. 2, 919 P.2d 410. Schneider's reading of Section 7-1-26(B)(1) renders meaningless the "mailing" language of the statute. If delivery were the basis for determining the start of the filing period when a notice is mailed, there would be no reason to state a mailing requirement in the statute because delivery would always take place after mailing. The only reasonable interpretation is that "delivery" applies to personal delivery, as opposed to receipt after mailing. The statute uses the disjunctive "or" to indicate that mailing and delivery are alternative acts. The Department may mail or deliver a notice. Under Section 7-1-26(B)(1), if a notice is mailed, the action must be filed within ninety days of mailing.

■ {11} In connection with this statutory interpretation argument, Schneider also argues on appeal that Section 7-1-26(B)(1) cannot be applied because it is unconstitutional if it requires suit to be brought within ninety days of the earlier of either mailing or delivery. Schneider asserts that Section 7-1-26(B)(1) is unconstitutional because it is un-

reasonable and void for vagueness. We do not address its argument that the statute of limitations is unreasonable because it did not preserve this argument below. *See Garcia ex rel. Garcia v. La Farge*, 119 N.M. 532, 539–42, 893 P.2d 428, 435–38 (1995) (applying preservation requirement to a claim that a statute of limitations was unreasonable and should not be applied). We briefly address Schneider's argument that Section 7-1-26(B)(1) is unconstitutionally void for vagueness. We do not express an opinion as to whether this issue was, or needed to be, preserved. *See State v. Laguna*, 1999-NMCA-152, ¶ 23, 128 N.M. 345, 992 P.2d 896 (reviewing a void-for-vagueness argument about a criminal statute despite a lack of preservation); *State v. Duran*, 1998-NMCA-153, ¶ 32, 126 N.M. 60, 966 P.2d 768 (reviewing a void-for-vagueness claim about a criminal statute despite no showing of preservation "assuming arguendo that the issue was preserved"). "Legislative enactments may be declared void for uncertainty if their meaning is so uncertain that the court is unable, by the application of known and accepted rules of construction, to determine what the legislature intended with any reasonable degree of certainty." *State ex rel. Bliss v. Dority*, 55 N.M. 12, 28–30, 225 P.2d 1007, 1017–18 (1950) (upholding as not unconstitutionally vague a statute providing that underground water "having reasonably ascertainable boundaries" is public water) (internal quotation marks and citation omitted). Because we have discerned the legislative intent in enacting Section 7-1-26(B)(1) by means of established rules of statutory construction, the statute is necessarily not void for vagueness. *See Dority*, 55 N.M. at 29, 225 P.2d at 1017 ("[A]bsolute or mathematical certainty is not required in the framing of a statute.").

{12} We hold that Section 7-1-26(B)(1) applies and mandates filing within ninety days of mailing, if mail is used, or delivery, if delivery is used. Therefore, if the Department made its prima facie case that it mailed the notices more than ninety days before Schneider filed suit, and if Schneider did not present evidence raising a genuine issue of material fact, summary judgment was prop-

er. We next discuss Schneider's remaining two arguments.

## B. MAILING BY PLACING NOTICES IN DEPARTMENT MAILBOXES

{13} We address Schneider's second argument on appeal before its first argument because the second argument concerns the broader issue of the manner of mailing. Schneider contends that, as a matter of law, the Department did not meet its evidentiary burden to receive the benefit of the "mailbox rule" presumption. The United States Supreme Court has recognized the common law mailbox rule that states, in essence, that proof that a letter has been properly addressed and deposited in the mail gives rise to the presumption that it was received by the recipient in ordinary course. *Rosenthal v. Walker,* 111 U.S. 185, 193–94, 4 S.Ct. 382, 28 L.Ed. 395 (1884); *Sorrentino v. Internal Revenue Serv.,* 383 F.3d 1187, 1189 (10th Cir.2004). The Department's affidavits assert that the Department satisfied its statutory obligation to mail the notices through its employees' practices with regard to Department mail. *See* NMSA 1978, § 7–1–9(A) (1997) ("Any notice required or authorized by the Tax Administration Act ... to be given by mail is effective if mailed or served by the secretary or the secretary's delegate to the taxpayer or person at the last address shown on his registration certificate or other record of the department.").

{14} Schneider suggests that the Department had the burden to show that it correctly addressed the notices including a return address, affixed postage, and deposited the notices in an official mail receptacle. Indeed, a "party relying on service by mail has the burden of proving the mailing." *Myers v. Kapnison,* 93 N.M. 215, 216, 598 P.2d 1175, 1176 (Ct.App.1979).

{15} But there is no issue in this case that the notices were mailed. Schneider does not contest that it received and negotiated the warrants that were in the same letter with the notices. As a result, the common law mailbox presumption does not bear on our analysis. The sole issue for the district court to consider in determining whether there was a genuine issue of material fact in connection with the Department's motion involved the date, not the fact, of the mailing. We now turn to that issue.

## C. EVIDENCE SUPPORTING SUMMARY JUDGMENT

{16} Summary judgment is proper in the absence of a genuine issue of material fact if the moving party is entitled to judgment as a matter of law. *Self v. United Parcel Serv., Inc.,* 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. When the moving party makes a prima facie case, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts" requiring trial on the merits. *Roth v. Thompson,* 113 N.M. 331, 334–35, 825 P.2d 1241, 1244–45 (1992).

{17} Schneider contends that the district court erred in granting summary judgment because the Department did not present sufficient evidence to raise a prima facie case that the Department mailed the notices of partial denial on December 15 or 16, 2003. It contends that the district court did not properly view the Department's evidence in the light most favorable to Schneider or draw all inferences in favor of Schneider as it was required to do because Schneider was the party opposing the motion. *Lopez v. Reddy,* 2005–NMCA–054, ¶ 25, 137 N.M. 554, 113 P.3d 377. As a consequence, Schneider contends, the district court's result was based on impermissible speculation.

{18} Schneider's argument would require direct proof to establish a prima facie case for summary judgment. Such is not the law. A moving party makes a prima facie case by presenting "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Goodman v. Brock,* 83 N.M. 789, 792–93, 498 P.2d 676, 679–80 (1972). Circumstantial evidence is sufficient to present a prima facie case for summary judgment. *Cf. Prof'l Insurors, Inc. v. Buck Scott & Son Motor Co.,* 110 N.M. 299, 303, 795 P.2d 991, 995 (1990) ("The foregoing constitutes circumstantial evidence ... and more is not required to get past a motion for summary judgment."). Routine organizational acts

such as mailing are regularly proved by circumstantial evidence. *See Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir.1983) ("Placing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business."); *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1324 (6th Cir.1972) (recognizing that "proof of a business system of preparing and mailing letters, and compliance with such a custom in the particular instance, is sufficient to establish proof of mailing").

{19} The Department provided sufficient circumstantial evidence in the Purdy and Fletcher affidavits. Purdy's affidavits establish that he prepared the partial denial letters dated December 15, 2003, combined them for mailing with the warrants dated December 12, 2003, and that his practice, which he followed on at least fifty occasions during 2003, was to deposit such letters in the office mailbox for mailing on the same day. Fletcher's affidavit establishes that on the days that Purdy would have deposited the letters in his office mailbox, according to his practice, the Department's Postal Processing Center's employees, according to the Center's process, would have collected and mailed the deposited mail on the days in question. Purdy's supplemental affidavit establishes that the warrants contained in the mailing were received and redeemed by the taxpayers.

{20} Schneider attacks Purdy's statements on the ground that they do not comport with Rule 11–406(A) NMRA, which provides for the admissibility of evidence of a person's habit or an organization's routine practices to prove that conduct in a particular instance conformed to the habit or practice. Schneider argues that Purdy's personal practice is not that of an organization and that his business practice is not a habit as contemplated by Rule 11–406(A). In his supplemental affidavit, Purdy stated that he mailed at least fifty similar notices in 2003 without indication that any notice was not received. He took these actions in the performance of his responsibilities as manager of the Department's Motor Vehicle Division, Commercial Vehicles Bureau. We consider his affidavit

sufficient to support a prima facie case that he acted in the same manner in this instance. *Cf. State v. Williams*, 445 N.W.2d 408, 411 (Iowa Ct.App.1989) (finding sufficient evidence of mailing to uphold verdict when attorney testified as to office mailing routine). As to Fletcher, Schneider argues that Fletcher had only worked in his position for approximately one and one-half months at the relevant time, relied on hearsay information, and never corroborated that the letters "were actually placed into the office mail on a given date." However, Fletcher was the bureau chief of the postal processing center; there is no reason to believe that he would not be familiar with the mailing practices of the Department. His statement about the mailing practice correlates to Purdy's affidavit as to the dates. We will not disregard Fletcher's and Purdy's affidavits on the technical grounds Schneider proposes.

{21} Schneider also argues that Purdy's affidavit was insufficient because Purdy does not affirmatively state the date that he prepared the notices and because Purdy does not state the particulars concerning the signing of the letters by Alfred O. Trujillo, the Department's Commercial Bureau Chief, who, fatally, according to Schneider, did not submit an affidavit. Schneider contends that the district court should have drawn the reasonable inference from this absence of information that Purdy relinquished custody of the letters to Trujillo by delivering them for Trujillo's signature. The affidavit, on its face, indicates that Purdy prepared the letters and had the practice of depositing them in the office mailbox the same business day. We do not agree that Schneider's speculation about events unstated in Purdy's affidavit justifies a reasonable inference contrary to the affidavit.

{22} Schneider further argues that evidence of a regularly followed business routine cannot demonstrate that the practice was followed in the specific instance without corroborating proof. The cases it cites, however, indicate that the degree of corroboration depends on the facts. In *Cook v. Phillips*, 109 N.J.L. 371, 162 A. 732, 732–33 (1932), the plaintiffs denied receiving letters from the defendant, an insurance company.

Two company employees testified that they had prepared the letters and left them on their desks and that it was the responsibility of another employee to take the letters to the mailing department for processing and mailing. *Id.* at 732–33. The court held that the testimony of the two employees was not sufficient to prove mailing without corroborating evidence that the company practice fulfilling the mailing process had been followed. *Id.* at 733. In this case, Fletcher's affidavit provides the evidence of mailing practice that was missing in *Cook.* In *Goetz v. Country Mutual Insurance Co.,* 28 Ill.App.3d 154, 328 N.E.2d 109, 114–15 (1975), in which the court required evidence that an office mailing practice was followed to send out a notice to an insured, there was no evidence that the notice either had been prepared or mailed. In *SSI Medical Services, Inc. v. State Department of Human Services,* 146 N.J. 614, 685 A.2d 1, 5–6 (1996), another case in which the recipient denied receipt, the court specifically recognized that in cases of large organizations with complex business operations and a high mailing volume, it would not be expected that "those charged with the duty of mailing would be capable of testifying that the documents at issue were actually mailed or that the custom or practice was actually followed." The court accepted other circumstantial evidence to conclude that the documents at issue were mailed. *Id.*

{23} In this case, there is relevant corroborating evidence that we cannot discount; Schneider received the warrants included with the notices. Although this fact is certainly not conclusive of the date of the mailing, when we view it in connection with the evidence contained in the affidavits, it corroborates, circumstantially, Purdy's statement that he followed his usual business practice.

{24} We therefore hold that the Department brought forth a prima facie case entitling it to summary judgment unless Schneider demonstrated a genuine issue of material fact. *See Goodman,* 83 N.M. at 792–93, 498 P.2d at 679–80. Schneider does not argue that it made such a demonstration. The district court did not err in granting summary judgment and dismissing Schneider's complaint for refund.

## CONCLUSION

{25} The district court properly dismissed the complaint for refund for lack of subject matter jurisdiction because Schneider did not file within the period required by Section 7–1–26(B)(1). The dismissal is affirmed.

{26} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and JONATHAN B. SUTIN, Judges.