The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>April 28, 2023</u>

**No. A-1-CA-39290**

**LEONARDO LUCERO,**

Plaintiff-Appellant,

v.

**CENTURION CORRECTIONAL HEALTHCARE OF NEW MEXICO, LLC,**

Defendant-Appellee,

and

**CORE CIVIC, INC.,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Frances J. Mathew, District Court Judge**

Stephen F. Lawless, PA
Stephen F. Lawless
Albuquerque, NM

for Appellant

Park & Associates, L.L.C.
Alfred A. Park
James J. Grubel
Albuquerque, NM

for Appellee

**OPINION**

**HANISEE, Judge.**

{1}     Plaintiff Leonardo Lucero appeals the district court's dismissal of his case with prejudice for failing to exhaust administrative remedies before filing a claim while incarcerated in the New Mexico Corrections Department (NMCD). He argues that his claim of medical negligence does not require exhaustion, and that the district court erred by dismissing his claim with prejudice. The relevant statutory language is clear that medical negligence claims require administrative exhaustion, though Plaintiff is correct that district courts facing unexhausted inmate claims should generally dismiss such claims without prejudice. We accordingly reverse and remand for further proceedings consistent with this opinion.

**BACKGROUND**

{2}     Plaintiff alleges that on October 22, 2018, he was severely beaten by six individuals in the Northwest New Mexico Correctional Facility. He filed suit on February 6, 2020, against Centurion Correctional Healthcare of New Mexico, LLC (CCH), the contractor who provides medical services to inmates at the facility, and other defendants unrelated to this appeal, alleging medical negligence specifically against CCH for failing to properly diagnose and treat his broken jaw and ribs. Plaintiff was an inmate at the time of his complaint. CCH promptly filed a motion for summary judgment, arguing that Plaintiff failed to exhaust administrative

remedies as a prisoner in NMCD as required by NMSA 1978, Section 33-2-11(B) (1990). CCH specifically asserted that Plaintiff failed to exhaust NMCD's internal grievance procedure before filing his claim, and therefore the district court lacked jurisdiction.

{3}     Plaintiff does not contest that he did not file a grievance through proper channels, but instead asserts that the medical negligence of CCH was a nongrievable issue, outside the control of NMCD, and therefore exempt from the exhaustion requirements. The district court granted CCH's motion, finding that Plaintiff's claim of medical negligence was "substantially related to his incarceration," and thus required exhaustion of administrative remedies according to Section 33-2-11(B). The district court also rejected Plaintiff's argument that medical negligence was not grievable under NMCD's grievance policy. The court held that it "does not have subject matter jurisdiction over the lawsuit" and dismissed the case with prejudice. Plaintiff appeals.

**DISCUSSION**

{4}     We begin with Plaintiff's assertion that medical negligence is not subject to the administrative exhaustion requirement, then turn to the argument that dismissal without prejudice would have been proper for an inmate suit that had not exhausted all administrative remedies. Because these matters involve construction of statutory language, our review is de novo. *See U.S. Xpress, Inc. v. N.M. Tax'n & Revenue*

2

*Dep't*, 2006-NMSC-017, ¶ 6, 139 N.M. 589, 136 P.3d 999 ("The meaning of language used in a statute is a question of law that we review de novo." (internal quotation marks and citation omitted)).

**Medical Negligence Requires Administrative Exhaustion**

{5}     Plaintiff argues that his claim should not have been dismissed because medical negligence is not grievable, and therefore is exempt from administrative exhaustion requirements. He relies on the NMCD policy *Inmate Grievances*, CD-150500 (June 14, 2018), for the proposition that "[a]ny matter over which the Corrections Department has no control" is not grievable. *Inmate Grievances*, Grievability E.2.a., at 6.[1] Plaintiff contends that NMCD does not control any given "particular healthcare decision for providing medical care to an inmate" and therefore lacks control such as to make medical negligence subject to grievance procedures.

{6}     "The guiding principle in statutory construction requires that we look to the wording of the statute and attempt to apply the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Tucson Elec. Power Co. v. N.M. Tax'n & Revenue Dep't*, 2020-NMCA-011, ¶ 8, 456 P.3d 1085 (internal quotation marks and citation omitted). Section 33-2-11(A) empowers

---

[1]https://www.cd.nm.gov/wp-content/uploads/2021/02/CD-150500.pdf.

NMCD to "examine and inquire into all matters connected with . . . the punishment and treatment of the prisoners." Section 33-2-11(B) reads:

> No court of this state shall acquire subject-matter jurisdiction over any complaint, petition, grievance or civil action filed by any inmate of the corrections department with regard to any cause of action pursuant to state law that is *substantially related to the inmate's incarceration* by the corrections department until the inmate exhausts the corrections department's internal grievance procedure.

(Emphasis added.) The operative language "substantially related to the inmate's incarceration" bears the most weight on Plaintiff's case. *Id.* At first blush, medical treatment within the NMCD system seems substantially related to Plaintiff's incarceration. As even Plaintiff alleges in his complaint, the medical treatment was provided to Plaintiff by an entity and individuals assigned to prison healthcare by NMCD, at the prison where Plaintiff was located, during Plaintiff's period of incarceration. NMCD not only had the power to address medical treatment—or the lack thereof—in prison facilities, but it had a duty to inquire into such matters. *See Anderson v. State*, 2022-NMSC-019, ¶ 41, 518 P.3d 503 (noting NMCD has a duty under Section 33-2-11(A) to inquire into and address prison conditions). Absent contrary argument grounded in the statutory text from Plaintiff, we struggle to see why medical negligence in the prison would not be substantially related to incarceration.

{7}     To further inform our reading, we look to the NMCD internal policy on inmate grievances referenced by the statute. The grievance policy provides: "Except as

4

provided below in E.2, the following matters are grievable by inmates: . . . [t]he substance, interpretation and application of policies, rules and procedures of the institution or Department including, but not limited to . . . negligence as to lost property or medical/mental health care." *Inmate Grievances*, Grievability E.1.a., at 5. The exceptions under E.2 include the following as not grievable: "Any matter over which the Corrections Department has no control, for example: parole decisions, sentences, and claims regarding inmate compensation which is regulated by statute." *Inmate Grievances*, Grievability E.2.a., at 6.

{8}  The grievance policy seems abundantly clear that medical negligence is included in things that NMCD considers to be both substantially related to an inmate's incarceration and within their control to investigate. *See Inmate Grievances*, Grievability E.1.a., at 5. Moreover, the kinds of contentions described as being outside of the control of the NMCD (e.g., "parole decisions, sentences, and claims regarding inmate compensation") are decisions made by entities outside of NMCD or by statutory provision, not applications of policy within NMCD itself. *Inmate Grievances*, Grievability E.2.a., at 6.

{9}  Plaintiff's assertion that healthcare is outside of the control of NMCD is misguided. NMCD has adopted a policy that "provide[s] for a comprehensive health care services program, staffed by qualified health care professionals that are available to all [NMCD] patient inmates." NMCD, *Health Services Administration*

Policy CD-170000 (Oct. 27, 2017).[2] The policy likewise dictates that the Central Office Health Services Bureau is to be the authority "responsible for oversight of all adult correctional health services operations, personnel, and resources." *Health Services Administration* Procedures CD-170000 A.1., at 1. Given such a clear policy, medical care within prisons is decidedly within the control of NMCD.

{10}     Plaintiff additionally argues that complying with NMCD's grievance policy would have been futile. The doctrine of futility, a judge-made exception to administrative exhaustion requirements, "applies where the agency has deliberately placed an impediment in the path of a party, making an attempt at exhaustion a useless endeavor." *Anderson*, 2022-NMSC-019, ¶¶ 15, 21, 43 (emphasis, internal quotation marks, and citation omitted). Futility may excuse a plaintiff's failure to exhaust administrative remedies if the exhaustion requirement is nonjurisdictional. *Id.* ¶¶ 15, 21. If, however, an exhaustion requirement is jurisdictional, a plaintiff must comply with the exhaustion requirement "without exception." *Id.* ¶¶ 19-20. Our Supreme Court recently held that Section 33-2-11(B)'s exhaustion requirement is jurisdictional for claims asserting "statutorily created rights," *Anderson*, 2022-NMSC-019, ¶ 19, but nonjurisdictional for common law or constitutional claims falling under the district court's original jurisdiction, *id.* ¶¶ 21-22.[3]

---

[2]https://www.cd.nm.gov/wp-content/uploads/2021/04/CD-170000.pdf.
[3]Following our Supreme Court's recent opinion in *Anderson*, we requested additional briefing from the parties on whether Plaintiff's claim against CCH

6

{11}    Irrespective of whether Plaintiff's claim against CCH is treated as asserting a statutory right or as arising out of the district courts' original jurisdiction, however, we conclude Plaintiff may not avail himself of the doctrine of futility. We explain. If Plaintiff's claim asserts a statutory right under the New Mexico Tort Claims Act, as he argued below, Section 33-2-11(B)'s exhaustion requirement is jurisdictional and, thus, the exhaustion requirement applies in this case "without exception." *Anderson*, 2022-NMSC-019, ¶ 20. If, on the other hand, Plaintiff's claim is for common law negligence, as he now argues on appeal, Plaintiff has failed to establish futility, as he has made no allegation and presented no evidence that NMCD impeded his ability to comply with its grievance procedure. *See id.* ¶¶ 42-45 (rejecting the plaintiffs' argument that exhaustion was futile because "[a]bsent from [their] allegations is anything about [the d]efendants preventing, thwarting, or hindering [n]amed [p]laintiffs' efforts to avail themselves of an administrative remedy"). Accordingly, regardless of whether Section 33-2-11(B)'s exhaustion requirement is jurisdictional or nonjurisdictional as applied to Plaintiff's claim, he was required to exhaust NMCD's grievance procedure under Section 33-2-11(B). *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (providing that "appellate courts will affirm a district court's decision if it is right

---

constituted a statutorily created right or a matter falling under the district court's original jurisdiction.

7

for any reason, so long as the circumstances do not make it unfair to the appellant to affirm").

{12}    In sum, we conclude Plaintiff's claim is substantially related to his incarceration, and, thus, Section 33-2-11(B)'s exhaustion requirement applies. As Plaintiff does not dispute that he did not comply with the administrative exhaustion requirements before filing, and because he has not persuaded us that his failure to exhaust may be excused by the doctrine of futility, the district court properly dismissed his claim for failure to exhaust NMCD's administrative remedies, as required by Section 33-2-11(B). The remaining question before us is whether that dismissal should have been with or without prejudice.

**Dismissal Without Prejudice for Unexhausted Claims**

{13}    Plaintiff challenges the district court's dismissal of his claim as it was with prejudice. He argues that dismissal with prejudice unduly burdens inmates who failed to exhaust administrative remedies while incarcerated but seek judicial recourse after their time in prison. CCH argues that dismissal with prejudice was proper because any attempt to cure Plaintiff's lack of exhaustion would be untimely. Implicit in CCH's argument is the notion that an inmate can never cure deficient administrative exhaustion once the grievance policy's time window has expired, therefore rendering any unexhausted claim permanently barred from the courts.

{14} Whether a plaintiff's dismissal for failure to exhaust his administrative remedies under Section 33-2-11(B) should be with prejudice appears to be a novel issue for New Mexico courts. Under the statutory language, it is not apparent whether our Legislature intended dismissal to be with or without prejudice when an inmate fails to exhaust the administrative procedure. *See id.* New Mexico courts have addressed matters of construction and application of our prisoner litigation statute before, *see, e.g., Anderson*, 2022-NMSC-019, but these cases have not addressed this particular procedural question. This dearth of case law is exemplified by the litigants' reliance on administrative exhaustion cases in the employment and foreclosure contexts to analogize how Section 33-2-11(B) should be applied in prisoner litigation contexts.

{15} Again, we begin with the statutory text to apply the plain meaning rule if possible. *Tucson Elec. Power Co.*, 2020-NMCA-011, ¶ 8. Section 33-2-11(B)'s exhaustion requirement applies to claims "filed by any inmate of the corrections department." *Id.* A plain reading of the text indicates that the statute applies to individuals presently incarcerated within the corrections department. *See* NMSA 1978, § 33-16-2(B) (2019) (defining an "inmate" as "an adult or juvenile person who is under sentence to or confined in a correctional facility," within Chapter 33 of our statutes). The phrase "filed by any inmate" makes no directive for individuals who were former inmates, so we do not read its restrictions as applying to plaintiffs who

are no longer incarcerated. We also construe the language "filed by" to mean that the statute focuses on the plaintiff's status as an inmate at the time the lawsuit is filed. Therefore, as a matter of first impression, we hold that Section 33-2-11(B) only applies to cases filed by current inmates within the corrections department.

{16} To read this provision to require plaintiffs who are former inmates to have exhausted administrative remedies—available only within the prison system— would create a near-absolute prohibition on lawsuits by former inmates who failed to exhaust their administrative remedies while incarcerated. We see no indication in the statute that the Legislature intended this harsh result. A former inmate who is not prohibited by other mechanisms such as a statute of limitations should not continue to be prohibited from seeking judicial remedy once they are no longer an inmate contemplated by Section 33-2-11. To conclude otherwise would treat former inmates differently than other citizens for whom civil causes of action frequently offer the sole mechanism by which a given injury tortuously inflicted might be addressed. This we cannot countenance absent statutory directive or binding precedent, neither of which—sensibly, in our view—exists.[4] When an inmate such as Plaintiff misses

[4]In our general calendar notice, we asked the parties to address this issue with respect to federal circuit precedent, noting a lack of federal uniformity regarding this issue given the multitude of prospective factors a district court must consider in claims and cases such as this. *Compare Bargher v. White*, 928 F.3d 439, 448 (5th Cir. 2019) ("Because this is therefore not an occasion where 'modification of the judgment would be futile,' the district court's judgment should be amended to dismissal without prejudice."), *with Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004)

10

the grievance deadline or otherwise fails to exhaust the correctional department's grievance procedure, dismissal is required, but we see no evidence of an intent by the Legislature to cut off access to the courts if their incarceration ends before the statute of limitations runs. *See Inmate Grievances*, Grievability E.1.a., at 5. We are persuaded that dismissal without prejudice is generally the appropriate posture for an inmate's claim that has failed to complete administrative exhaustion as required by Section 33-2-11(B).

{17}     Indeed, CCH's contrary argument places undue reliance on the proposition that Plaintiff could not later cure his failure to exhaust his administrative remedies. CCH cites *Rist v. Design Center at Floor Concepts, Inc.* for the proposition that dismissal with prejudice is the proper remedy when a district court lacks subject matter jurisdiction over a claim because of a failure to exhaust administrative remedies. 2013-NMCA-109, ¶ 14, 314 P.3d 681. We first observe that in *Rist*, the question raised here was not preserved, and this Court therefore did not consider whether the plaintiffs in that case could later cure a failure to exhaust. *Id.* ¶ 12. Second, *Rist* relied on *Schneider National, Inc. v. New Mexico Taxation and Revenue*

("Under these circumstances and in the absence of any justification for not pursuing available remedies, his failure to pursue administrative remedies while they were available precluded his federal lawsuits, and they were properly dismissed with prejudice." (footnote omitted)). Given that the statutory language that governs this action is clear and unambiguous, we reach our determination based on the plainly stated intent of the Legislature as appearing in the statutory text, and leave for some other court the reconciliation of federal precedent.

11

*Department*, 2006-NMCA-128, ¶¶ 7-12, 140 N.M. 561, 144 P.3d 120 in asserting that dismissal with prejudice was "appropriate." 2013-NMCA-109, ¶ 14. In *Schneider National, Inc.*, this Court affirmed a dismissal with prejudice when a plaintiff failed to comply with a statutory mandate requiring filing of a claim within ninety days of receipt of a refund denial letter from the state tax department. 2006-NMCA-128, ¶¶ 9-12. Under those circumstances, a plaintiff could not cure their defective filing after the statutory deadline nor could their status change. As neither *Rist* nor *Schneider National, Inc.* contemplated the possibility that the exhaustion requirement no longer applies because of a change in the plaintiff's status, they are not applicable to this matter.

**{18}**     As for Plaintiff's request that we toll the statute of limitations on his claim, we decline to do so absent a presentation of argument or citation to authoritative support. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Lastly, we note that the question of when or if the statute of limitations expired is not before us. "It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 (alteration, internal quotation marks,

and citation omitted). Plaintiff's claim should have been dismissed without prejudice, and we express no opinion as to future litigation on remand.

**CONCLUSION**

{19}     For the above reasons, we reverse the district court's dismissal with prejudice and remand for further proceedings consistent with this opinion.

{20}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JENNIFER L. ATTREP, Chief Judge**


_____
**JANE B. YOHALEM, Judge**