This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40806

**REVERSE MORTGAGE FUNDING, LLC,**

      Plaintiff-Appellee,

v.

**ROBERT ROSALES, JR., as Successor Trustee for THE MARY R. BUTKOVICH REVOCABLE TRUST,**

      Defendant-Appellant,

and

**SECRETARY OF HOUSING AND URBAN DEVELOPMENT,**

      Defendant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Court Judge**

Rose Ramirez & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Law Offices of William G. Stripp
William G. Stripp
Ramah, NM

for Appellant

**MEMORANDUM OPINION**

**BLACK, Judge Pro Tem.**

**{1}** Defendant Robert Rosales, Jr., as successor trustee for the Mary R. Butkovich Revocable Trust (the Trust), appeals from the district court's grant of summary judgment in favor of Plaintiff Reverse Mortgage Funding, LLC in this in rem foreclosure action involving a reverse mortgage secured by the underlying property. On appeal, Defendant challenges only the propriety of the district court's calculation of payout funds set forth in the district court's judgment, contending Plaintiff failed to prove that a payout check in the amount of $58,837.88 was received or deposited by Butkovich when the reverse mortgage was finalized. The district court ruled in favor of Plaintiff, and for the reasons that follow, we affirm.

## BACKGROUND

**{2}** In January 2010, after consulting her attorney, Butkovich, on behalf of the Trust she then controlled and as an individual, executed a reverse mortgage loan and note on her home in Gallup. Under terms of the loan, and after the $8,349.75 origination fee, $28,846.55 was paid to the then-current mortgage holder and $58,837.88 was paid to Butkovich via a check mailed to her upon execution of the mortgage agreement on January 29, 2010.

**{3}** Six years later, in 2016, Butkovich defaulted on the loan when she failed to make property insurance and tax payments. Plaintiff filed an in rem complaint seeking foreclosure, and Butkovich filed an answer and counterclaims asserting an affirmative defense of "failure of consideration." Butkovich passed away in 2018 and Defendant became the successor trustee.

**{4}** On May 8, 2019, Plaintiff filed a motion for partial summary judgment on Defendant's counterclaims. Defendant argued Plaintiff's motion should be dismissed because he had reviewed all the bank records, which showed no evidence Butkovich had ever received the $58,837.88, so there was no consideration related to the reverse mortgage contract. The district court initially denied Plaintiff's motion and discovery proceeded.

**{5}** Following depositions, Plaintiff renewed its summary judgment motion, asserting that Defendant had testified during his deposition that Butkovich said only that she could not remember receiving the payout but after the lawsuit was filed she acknowledged her memory was failing. Plaintiff also argued that during his deposition Defendant agreed that, rather than reviewing all the bank records associated with his mother's account, he had reviewed records pertaining to only a single-month period of time—September 2016, over six years following the actions associated with the reverse mortgage—which he then provided to his attorney. Plaintiff accompanied its renewed motion with an affidavit of Daniel Marshall attesting the payout check was sent to Butkovich along with an accompanying letter. Plaintiff also attached the deposition testimony of Butkovich's attorney, who stated that he had advised Butkovich on the reverse mortgage she

acquired but that Butkovich never contacted him to say she had not received the payout check.

**{6}** In the district court, as here, Defendant argued Plaintiff merely alleged it sent the payout check but had provided no evidence such check was received and deposited. On a motion for rehearing Defendant further argued that under either the "mailbox rule" or the "deposit acceptance" rule, Plaintiff had the burden of proving that Butkovich actually received the payout amount from the reverse mortgage. Plaintiff maintained that to prevail on an in rem foreclosure proceeding its burden was only to show by prima facie evidence liability on the promissory note, not to counter Defendant's asserted affirmative defenses. Following a hearing on Plaintiff's renewed motion, the district court granted summary judgment.

## STANDARD OF REVIEW

**{7}** "The purpose of summary judgment is to hasten the administration of justice and to expedite litigation by avoiding needless trials and to enable . . . [a prompt] judgment by preventing the interposition of frivolous defenses for purpose of delay." *Pedigo v. Valley Mobile Homes, Inc.*, 1982-NMCA-066, ¶ 6, 97 N.M. 795, 643 P.2d 1247. This Court reviews summary judgment decisions de novo. *Cahn v Berryman*, 2018-NMSC-002, ¶ 12, 408 P.3d 1012. "Under this standard of review, we step into the shoes of the district court, reviewing the motion, the supporting papers, and the non[]movant's response as if we were ruling on the motion in the first instance." *Farmington Police Officers Ass'n Commc'n Workers of Am. Loc. 7911 v. City of Farmington*, 2006-NMCA-077, ¶ 13, 139 N.M. 750, 137 P.3d 1204. "Summary judgment is appropriate in the absence of any genuine issues of material fact and where the movant is entitled to judgment as a matter law." *Jones v. City of Albuquerque Police Dep't*, 2020-NMSC-013, ¶ 16, 470 P.3d 252 (internal quotation marks and citation omitted). Moreover, the nonmoving party cannot merely rely upon the conclusory allegations or contentions of counsel to defeat summary judgment, *see Spears v. Canon de Carnue Land Grant*, 1969-NMSC-163, ¶ 12, 80 N.M. 766, 461 P.2d 415; *see also Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 ("[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits . . . [and] may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." (alteration, internal quotation marks, and citations omitted)).

## DISCUSSION

**{8}** Subsequent to the 2008 recession, some attorneys realized that it was often difficult for mortgagees to foreclose because many years and several assignments later, the original mortgage document could not be found. *See Brinkman v. Bank of Am., N.A.*, 914 F. Supp. 2d 984, 989 (D. Minn. 2012). This case presents a similar defense. Ten years after the loan and mortgage, and after the death of Butkovich, the mortgagor, Defendant argues the Plaintiff cannot prove Butkovich ever received the loan payout in the amount of $58,837.88, set forth in the judgment. Thus, Defendant claimed

entitlement to an offset in that amount due to his argument that Plaintiff failed to submit independent, documentary evidence that the payout check was received or cashed by Butkovich. This is an affirmative defense premised upon a failure of consideration under the reverse mortgage contract.

**{9}** After a movant meets its initial burden on summary judgment, the burden then shifts to the party opposing the summary judgment motion. *See Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (internal quotation marks and citation omitted)); *Kepler v. Slade*, 1995-NMSC-035, ¶ 8, 119 N.M. 802, 896 P.2d 482. Once a plaintiff in a quasi in rem foreclosure action establishes its claim of liability on a promissory note, the burden shifts to the defendant to come forward with admissible evidence to counter the plaintiff's prima facie showing its claim. *Fed. Nat'l Mortg. Ass'n ("Fannie Mae") v. Trissell*, 2022-NMCA-001, ¶ 18, 503 P.3d 381. Defendant admitted Butkovich signed the note and there is no dispute the note was in default. Defendant also admitted the payout funds had been mailed, but challenges that the funds were received and deposited by Butkovich.

**{10}** It is not a plaintiff's burden to provide evidence with its motion for summary judgment to disprove a defendant's asserted affirmative defenses. *See Trissell*, 2022-NMCA-001, ¶¶ 12, 18; *W. Bank of Santa Fe v. Biava*, 1990-NMSC-023, ¶ 11, 109 N.M. 550, 787 P.2d 830. As the party moving for summary judgment, Plaintiff had the "initial burden of establishing a prima facie case" by producing "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (internal quotation marks, and citation omitted).

**{11}** Defendant's evidence in opposition to Plaintiff's motion consisted of his own affidavit that he had reviewed all Butkovich's bank records, contrary to his deposition testimony that supported only that he reviewed the record for September 2016. He also offered Butkovich's failure to remember receiving the payout, which is nothing more than conjecture and does not meet the personal knowledge required by Rule 1-056(E) NMRA. *See* Rule 1-056(E) (stating that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *see Crespin v. Albuquerque Baseball Club, LLC*, 2009-NMCA-105, ¶ 35, 147 N.M. 62, 216 P.3d 827, *rev'd on other grounds sub nom. Edward C. v. City of Albuquerque*, 2010-NMSC-043, 148 N.M. 646, 241 P.3d 1086. Defendant's evidence in this regard is insufficient to defeat summary judgment. *See Trissell*, 2022-NMCA-001, ¶ 18.

**{12}** As well, Defendant's reliance upon the "mailbox rule" is misplaced. The common law "mailbox rule" generally creates an evidentiary presumption of the fact of mailing. *See Schneider Nat'l, Inc. v. N.M. Tax'n & Revenue Dep't*, 2006-NMCA-128, ¶¶ 13-15,

140 N.M. 561, 144 P.3d 120 (stating that the "mailbox rule" does not apply to the issue of the date of mailing, only the fact of mailing). In *Cortez v. Cortez*, 2009-NMSC-008, ¶¶ 9-12, 145 N.M. 642, 203 P.3d 857, the "mailbox rule" was outcome determinative to establish the item at issue had been mailed, but because the timeliness of the receipt is not in issue here, *Cortez* is not applicable.

**{13}**     After the district court granted summary judgment, Defendant moved for rehearing. In this motion, for the first time, Defendant attempted to plead the defense of offer and acceptance. This again is an affirmative defense and Defendant offered no proof to support it. *See* UJI 13-836 NMRA. Mere argument of counsel is insufficient to deny summary judgment. *See Spears*, 1969-NMSC-163, ¶ 12; *Horne*, 2013-NMSC-004, ¶ 15. Thus, the district court did not err in denying Defendant's motion for rehearing.

**CONCLUSION**

**{14}**     For the above stated reasons, the judgment of the district court is affirmed.

**{15}     IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**